# Wesson v. The State.

*Indictment for Selling Liquor Without License.*

1. *Indictment for illegal sale of liquor; plea of former conviction; sufficiency of replication, to.*—It not being necessary for an indictment for the sale, etc., of spirituous, vinous or malt liquors, without a license, to identify the offense intended to be charged by any reference to the time, place, or circumstances of its commission, a replication by the State to a plea by the defendant setting up a former conviction under an indictment in exactly the same words and found by the same grand jury, alleging that the sales, etc., charged in the two indictments were at different times and to different persons, that the facts developed at the former trial were different from those involved in this case, and that the transactions were not the same, was sufficient, where neither indictment contained allegations as to the time, place, or person to whom the sale was made.

2. *Rulings on charges; how presented for review on appeal.*—The statute (Sess. Acts, 1894–95, p. 126) which dispenses with the necessity, in civil and criminal cases, of noting exceptions to rulings on charges requested, makes it essential, to the presentation of such rulings on appeal, that they be assigned as errors.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. THOS. R. ROULHAC.

At the June term, 1893, of the District Court of Lauderdale county, the grand jury returned an indictment, which charged "that, before the finding of this indictment, Wiley Wesson sold, bartered, or exchanged spiritous, vinous, or malt liquors, without a license, and contrary to law, against the peace and dignity of the State of Alabama." This indictment was filed in open court July 20, 1893. On the trial under this indictment, the defendant filed a plea of former conviction, in which he alleged that, on July 14, 1893, the grand jury returned into the District Court of Lauderdale county an indictment against the present defendant, which was identical with the present indictment, and that, on the indictment returned into court on July 14, 1893, the defendant was tried and convicted. The indictment and judgment of conviction were set out in the plea. The plea averred that the defendant is the same person described in said indictment and judgment of conviction, "and that the offense charged and set forth in this indictment, under which he is now arraigned for trial, and which was returned into court on the 20th day of July, 1893, is identical with, and is the same offense charged and set forth in the indictment set out hereinabove, and upon which judgment of conviction was pronounced upon defendant, and that said indictments are in the same language, and returned by the grand jury at the same term of the court." To this plea the State filed a replication, which averred "that it is true that the defendant in the said indictment and judgment of conviction is the same person indicated in this indictment before the court, and that both indictments charge the offense of selling, bartering, or exchanging spirituous, vinous, or malt liquors in the same language, but the State says that the sales or other dispositions charged were at different times and to different persons, and that the facts developed at the former trial were different from those involved in this case, and that the transactions were not the same. The State further says that the defendant has never been tried on the transactions involved in this case." To this replication the defendant demurred, on the grounds, (1) that the replication and pleadings show on their face that this defendant has heretofore been

tried and convicted under an indictment identical in
every respect with the indictment under which he is now
arraigned, and that both indictments were returned at
the same term of court : and (2) that the sales or other
dispositions of the spirituous, vinous, or malt liquors
charged in the two indictments were alleged, in the rep-
lication, to be at different times and to different persons,
but said replication "does not show at what other time,
or to what other persons, nor do the two indictments, as
shown by the pleadings, show such different sales or
other dispositions to be at different times, different
places, or to different persons." The court overruled
this demurrer. The defendant was convicted, and ap-
peals.

No counsel marked as appearing for defendant.

Wm. C. Fitts, Attorney-General, for the State.

McCLELLAN, J.—It is not necessary, under our law,
in cases like the present one, for the indictment to iden-
tify the offense intended to be charged by any reference
to the time, place, or circumstances of its commission ;
and it is never done in practice. It may well be, there-
fore, that two indictments, in precisely the same lan-
guage, and returned at the same time by the grand jury,
against the same defendant, for violating a law prohib-
iting the barter, exchange or sale of vinous, spirituous,
or malt liquors, each charge an entirely different and
distinct offense in respect of that intended to be charged
in the other. So that, where there has been a convic-
tion on one such indictment, and this is pleaded on the
trial of the other, the plea averring the facts we have
hypothesized above, and, further, that the offense for
which the conviction was had is identical with the of-
fense intended to be charged in the indictment still pend-
ing, a replication by the State that, notwithstanding the
identity of the language of the two indictments, the
time covered by both, though not expressed in either,
the grand jury returning both, and a conviction under
one, the offenses charged in them severally are separate
and distinct offenses, the one to be tried having in fact
been committed, if at all, at a different time and place,
and the alleged sale having been made to a different per-

son, from the time and place and person at which and to whom the defendant was convicted of making a prohibited sale, is a full answer to such plea. That was the substance of the replication interposed in this case; and the court properly overruled defendant's demurrer to it, which proceeded solely on the theory that the identity of indictments, grand jury, and defendant demonstrated the identity of offense.

The agreed facts show, unequivocally, that the offense on trial was not the offense for which the defendant had been convicted; and there was no exception reserved to the affirmative charge for the State on the issue presented by this plea of former conviction, nor is the action of the court in giving this instruction assigned as error.

So, too, the defendant requested several charges which the court refused to give, but he reserved no exceptions to these rulings, nor are they assigned as errors. The statute which dispenses with the necessity in civil and criminal cases of noting exceptions to rulings on charges requested, makes it essential to a presentation of such rulings here that they should be assigned as errors.— Acts 1894–95, pp. 126–7; *Nuckols v. State, ante,* p. 2.

The judgment of the circuit court must be affirmed.