# Smith *v.* The State.

*Indictment for Murder in the Second Degree.*

1. *Ruling on charges; how presented for review on appeal.*—The statute which dispenses with the necessity, in civil and criminal cases, of noting the exception to rulings on charges requested (Code, § 613), makes it essential to the presentation of such rulings on appeal, that they be assigned as error.

2. *Same; effect of general exception to rulings on special charges.* Where a general exception is reserved to the refusal of several charges requested, such exception will not avail to reverse the judgment, if any one of the charges was properly refused; and the recital in the bill of exceptions, in a criminal case, after several charges are set out as having been asked by the defendant, that "the court refused to give the above written charges, and the defendant duly and legally excepted to the refusal to give such charges," is a general exception to the court's refusal to give all of such charges.

3. *Same; charge as to reasonable doubt.*—A charge requested by the defendant in a criminal case, which instructs the jury

that if they "have a reasonable doubt, generated by all the evidence in this cause, as to whether the defendant acted in self-defense or not, then they should acquit," is erroneous in failing to state the constituents of self-defense, and in referring a question of law to the jury.

4. *Homicide; charge as to malice.*—On a trial under an indictment for murder, charges which require an acquittal of the defendant in the absence of malice, are erroneous; since the indictment embraced offenses of which malice is not a constituent, and the jury could convict the defendant of one of such offenses if the evidence justified it.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

The appellant, Richard Smith, was indicted for murder in the second degree, in killing Edward Bird, was convicted of manslaughter in the second degree, and sentenced to hard labor for the county for twelve months. The indictment, by separate counts, charged that the defendant killed Edward Bird by hitting him with a rock and by hitting him with a brick.

The evidence showed that the deceased and the defendant were boys, and got to quarreling, and threw at one another; that the deceased threw the defendant down and that upon getting up the defendant picked up a rock or brick and threw it at the deceased, which struck him on the head just above his right ear, and that from the effects of this wound the deceased died. It was shown that the deceased was 11 years old.

The father of the defendant testified that the defendant was not quite 11 years old at the time of the trial. The father of the deceased testified that the father of the defendant told him the morning the defendant was arrested, that the defendant was 12 or 13 years of age. The defendant requested the court to give to the jury the following written charges: (1.) "The court charges you, gentlemen, that if you have a reasonable doubt generated by all the evidence in this cause as to whether the defendant acted in self-defense or not, then they should acquit." (2.) "If the jury find from the evidence that the deceased at the time the blow was struck was making an assault upon the

defendant, and that the defendant in resisting said attack used force not greatly disproportionate to the character of the assault, and death accidentally resulted, this would be self-defense, and the jury should acquit him." (3.) "Even though the jury should be satisfied that the defendant is the guilty agent and he committed the act charged in the indictment, yet if they further find that he was at the time under fourteen years of age, they must acquit him unless they are further satisfied by the evidence beyond all reasonable doubt that he was at the time of sufficient intelligence to be fully aware of the nature and consequences of the act, and that he plainly showed intelligent malice in the manner of executing it." (4.) "The court charges the jury that the only foundation of a verdict of guilty in this cause is that the entire jury shall believe beyond a reasonable doubt and to a moral certainty that the defendant is guilty as charged in the indictment to the exclusion of every probability of his innocence and every reasonable doubt as to his guilt; and if the prosecution has failed to furnish such measure of proof, and to so impress the minds of the jury of his guilt, they should find him not guilty." (5.) "Though the jury find from the evidence that the defendant threw the rock, but find that he was under fourteen years of age at the time, they can not convict him unless the proof convinces them beyond all reasonable doubt that he was fully aware of the measure of the consequences of his act, and that in the commission of it he bore actual malice to the deceased. In the case of a person over 14 years of age the law sometimes presumes malice, but never in the case of a person under age. Malice then is a question of fact to be proved and to be determined by the jury, just as any other fact is proved and determined, and this fact the State must prove beyond all reasonable doubt." (6.) "If the jury believe from the evidence that the defendant is under fourteen years of age, then he is presumptively incapable of committing crime, and to overcome this presumption the jury must be convinced from all the evidence, and not from his mere personal appearance, beyond all reasonable doubt, that he knew fully the nature of his act and its conse-

quences, and should plainly show intelligent design and malice in the manner of executing it, and in determining the question whether or not he possessed the necessary knowledge and discretion to render him accountable, the jury will consider in his favor that he is a little negro boy." As stated in the bill of exceptions: "The court refused to give the above written charges, and the defendant duly and legally excepted to the refusal to give said charges."

W. P. ACKER and FRANK MARTIN, for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

McCLELLAN, C. J.—The bill of exceptions states that defendant "asked the court to give the following charges:" Then follow six charges. And then this further statement of the bill of exceptions: "The court refused to give the above written charges, and the defendant duly and legally excepted to the refusal to give said charges." There is no assignment of errors. Hence the ruling, or rulings, of the court upon the request for instructions is not brought within the influence of section 613 of the Code. Apart from that section the exception reserved was a general one to the court's refusal to give six charges. Unless all of them should have been given, it cannot be affirmed that the court was in error.—*Alston v. State*, 109 Ala. 51, 54; *Wesson v. State*, 109 Ala. 61, 64. Some of them were clearly bad. Thus charge 1 refers a question of law to the jury.—*Miller v. State*, 107 Ala. 40. Charge 3 requires an acquittal for the absence of malice though the indictment embraced offenses of which malice is not a constituent, and the jury had a right on the evidence to convict of one of such offenses; and charges 5 and 6 are open to the same objection. We need not consider whether these charges have other faults, or whether other charges correctly declare the law. The case presents no other question, and the judgment must be affirmed.

Affirmed.