# Feagin *v*. The State.

*Indictment for Grand Larceny.*

1. *Pleading and practice; plea of former conviction; sufficiency of evidence.*—When, in the trial of a criminal case the defendant interposes a plea of former conviction and issue is taken on this plea, and the cause is tried upon an agreed statement of facts, and in the agreed statement of facts it is not alleged that the defendant was convicted as alleged in the plea, nor a certified copy of the judgment of conviction is introduced in evidence, the plea is not sustained, and the State is entitled to the general affirmative charge thereon;

[Feagin v. The State.]

and this is true, although a certified copy of the judgment oi conviction is made an exhibit to the plea.

2. *Rulings on charges; how presented for review on appeal.*—Under the statute which dispenses with the necessity in criminal cases of noting exceptions to rulings on charges requested, (Code, §§ 4312, 4333), it is not essential to the presentation of such rulings on appeal, in the absence of exceptions thereto, that such rulings should be assigned as error, (*Smith v. State*, 130 Ala. 95; *Williams v. State*, 130 Ala. 107, in so far as they assert a contrary doctrine, overruled.)

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. J. C. RICHARDSON.

The appellant in this case was indicted, tried and convicted for grand larceny. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

JAMES F. JONES, for appellant, cited *Moore v. State,* 71 Ala. 307; *Baysinger v. State,* 77 Ala. 60.

MASSEY WILSON, Attorney-General for the State. The evidence did not support the plea.—*Harrison v. State,* 36 Ala. 248; *Foster v. State,* 39 Ala. 229; *Gordon v. State,* 71 Ala. 315; *Baysinger v. State,* 77 Ala. 315; *Price v. State,* 96 Ala. 1.

No exception was reserved by the defendant to the action of the court in giving the charge asked by the State and to the refusal of the like charge asked by him. No errors are assigned on the record. This court can not, therefore, consider the action of the lower court in this respect.—*Williams v. State,* 130 Ala. 107, 114.

TYSON, J.—The defendant was indicted for the larceny of an ox. He interposed a special plea of former conviction. As exhibits to that plea he attached copies of the affidavit, warrant of arrest and judgment of conviction. Issue was taken upon this plea without questioning its sufficiency, and the court at the request of the State gave the general affirmative charge in its behalf and refused a like charge to the defendant. The facts

upon which the issue was tried, were agreed upon. In this agreed statement of facts, we do not find the.fact admitted that the defendant was convicted as alleged in the plea, nor do we find that the certified copy of the judgment of conviction was introduced in evidence in support of it. It is true the certified copy is made an exhibit to the plea and a part of it, but in order to get the benefit of it as proof of the fact of conviction, it should have been introduced in evidence. The record failing to show that this was done or that the prosecuting attorney admitted the fact of conviction, one of the essential facts of the plea is not shown to have been proven.

It is insisted by the State that the rulings of the trial court upon those charges cannot be reviewed in the absence of an assignment of error because no exceptions were reserved thereto. It is true this insistence is sup, ported by the cases of *Smith v. The State,* 130 Ala. 95; and *Williams v. The State, Ib.* 107, which were decided since the .adoption of the Code of 1896. But it is evident that the court in those cases overlooked section 4312 and section 4333 of the Criminal Code and followed the old decisions on this question which were based on the act of 1894-5 (page 126-7). On this point they must be overruled.

There being no error in the record the judgment must be affirmed.