# Austin *v.* The State.

## *Murder.*

[DECIDED APRIL 28, 1906, 40 So. REP. TRT.]

1. *Homicide; Admission of Evidence; Prejudice.*—When the answers of the witness produced no incriminating facts, and were not unfavorable to defendant, their admission was without injury, if error.

2. *Criminal Law; Appeal; Exceptions; Necessity for.*—Where no exception was reserved to trial court's ruling upon the admissibility of testimony, such admission cannot be reviewed on appeal.

3. *Homicide; Instructions; Refusal.*—It is not error to refuse charges that are argumentative.

4. *Same; Instructions; Evidence.*—A charge requested that asserted that the jury could not find the defendant guilty of any higher offense than manslaughter in the second degree, was properly refused, where there was evidence tending to

[Austin v. The State.]

show that defendant pointed the gun at deceased and fired without just cause.

5 *Same; Gross Negligence; Firearms.*—A charge requiring an acquittal of the defendant unless the jury believed that his carelessness in handling the gun was gross and aggravated, was incorrect, as gross negligence alone will justify a conviction under such circumstances.

6. *Criminal Law; Instruction; Province of Jury.*—An instruction asserting that the jury could not infer malice from the use of a deadly weapon if the evidence showed any circumstance from which a want of malice might be inferred, was properly refused as invasive of the province of the jury.

APPEAL from Clarke Circuit Court.

Heard before the Hon JOHN T. LACKLAND.

The defendant was indicted for killing Jeff Glover, tried and convicted of manslaughter in the first degree, and sentenced to the penitentiary for five years. The defense was that the killing was accidental. The defendant requested the following written charges which the court refused. Charge 2. The court charges the jury that in considering the guilt or innocence of this defendant they may take into consideration the fact that no previous difficulty between the defendant and deceased has been shown by the evidence.

Charge 11. If the jury believe the evidence, they cannot find the defendant guilty of any offense of a higher grade than manslaughter in the second degree. Charge 15. If the jury believe from the evidence that the shooting was not intentional and that the defendant was not intentionally pointing the gun at the deceased at the time it fired the fatal shot, they must acquit him, even though they may find that he was carelessly handling the gun, unless they further find from the evidence that his carelessness was gross and aggravated. Charge 17. The court charges the jury that they cannot infer malice from the use of a deadly weapon if the evidence shows any circumstances from which a want of malice may be inferred.

W. D. DUNN AND WILSON & ALDRIDGE, for appellant. The court erred in its rulings as to the testimony of the witness Thomas.

The court erred in refusing to give charge 11.—*Fitz-gerald v. State,* 112 Ala. 40; *Saunders v. State,* 105 Ala. 4.

The court erred in refusing to give charges 15 and 18. *Fitzgerald v. State, supra.*

The court erred in not giving charges 16 and 17. *Compton v. State,* 110 Ala. 24.

MASSEY WILSON, Attorney-General for the State. The action of the court with reference to the testimony of the witness Thomas was proper.—*Fitzgerald v. State,* 112 Ala. 34.

Charge 2 was an argument and properly refused. *Hussy v. State,* 86 Ala. 34; *Smith v. State,* 88 Ala. 73; *Bancroft v. Otis,* 91 Ala. 279.

Charge 11, was properly refused, as the jury might have found from the evidence that the defendant intentionally pointed the gun at the deceased.

Charge 15 was properly refused.—*Fitzgerald v. State,* 112 Ala. 34; *Johnson v. State,* 94 Ala. 35; *Stewart v. State,* 137 Ala. 33, 43; *Barnes v. State,* 134 Ala. 36, 41; *Saunders v. State,* 105 Ala. 4.

Charges 15, 16 and 17 were substantially covered by other given charges. The charge of the court followed the case of *Tidwell v. State,* 70 Ala. 44, and was proper.

WEAKLEY, C. J.—The charge was murder, and the defense was that the killing was entirely accidental. Appellant was convicted of manslaughter in the first degree.

In response to a question propounded by the solicitor to the witness Rose Thomas, "Whether defendant pointed the gun at her just before the shooting," she answered "that the gun was pointed at her neck, and she told the defendant to move it, and he did so." There was an objection to the question, and an exception to the court's action in overruling the objection. On cross-examination the witness stated "that defendant did not point the gun at her, but that in moving around the gun was pointed at her neck, and that she told him to move it, and he did so." Conceding, for argument's sake merely, that it would have been improper to show that the defendant, just before the killing, pointed his gun at another person

present, yet it is evident that there is no conflict between the statement in chief and that on the cross-examination. Construing both together, the effect was not unfavorable to defendant, and the evidence was incapable of injuring him. The question, therefore, produced no incriminating fact, and was harmless.

No exception was reserved to the action of the court in allowing a question to the same witness whether the defendant pointed the gun at any body else that night, just before or about the time of the shooting, nor to the overruling of a motion to exclude the answer to the question. No question is therefore presented for review growing out of these rulings of the court.

Charge 2 was an argument. We have often condemned charges asserting that the jury may take into consideration this, that, or the other fact. Of course, the jury has the right to look to and consider any fact adduced before them; and, while it is not erroneous to give such charges, the trial court is under no duty to give them, and they should be refused, because intended merely to accentuate, emphasize, and give additional force to argument of counsel.—*Bancroft v. Otis*, 91 Ala. 279, 8 South. 286, 24 Am. St. Rep. 904. It is a useless consumption of time and space to insert such refused charges in a bill of exceptions, and we trust the rule is now well enough understood to prevent similar refused charges being brought before us hereafter for review.

Charge 11 was properly refused. There was evidence on behalf of the State to the effect that the defendant pointed the gun at the deceased and fired it without just cause or good excuse, and it would have authorized a verdict for murder, certainly in the second degree, and perhaps in the first degree.

Charge 15 was erroneous in requiring a finding of "gross and aggravated" negligence in handling the gun to make the defendant guilty of any degree of crime embraced in the indictment, if the killing were unintentional; whereas gross negligence alone was sufficient for this purpose.—*Fitzgerald v. State*, 112 Ala. 34, 20 South. 966.

Refused charges 16 and 18 were fully covered by given charges 19 and 14.

[George v. The State.]

Charge 17 invades the province of the jury. Futhermore, the defendant was acquitted of murder, and this shows the jury neither inferred nor found malice to exist. Affirmed.

HARALSON, DOWDELL and DENSON, JJ., concur.