# Parker *v.* The State.

## *Murder.*

(Decided Dec. 19, 1907.　45 South. 248.)

1. *Criminal Law; Evidence; Relevancy.*—It was irrelevant whether or not a witness for the state had rocks in his pockets at the time of the killing.

2. *Homicide; Instructions; Self Defense.*—A charge which fails to state the elements of self defense and which seeks to justify on the grounds of self defense, is properly refused.

3. *Trial; Instructions; Reasonable Doubt.*—An instruction requiring the acquittal of defendant if the jury entertain a reasonable doubt of his innocence is erroneous.

4. *Homicide; Instructions; Self Defense.*—A charge on self defense which omits to hypothesize that defendant was impressed with the belief that he was in danger is properly refused.

5. *Same.*—A charge which declares that if deceased made an attack upon defendant with a murderous intent, defendant was under no obligations to flee, provided that defendant was without fault in bringing on the difficulty, is objectionable for failure to describe the

[Parker v. The State.]

nature of the attack and to hypothesize that defendant's danger would have been increased by flight.

6. *Trial; Instructions Argumentative.*—Charges which are mere arguments are properly refused.

7. *Homicide; Instructions; Self Defense.*—Instructions on self defense should set out the elements thereof and be hypothesized upon freedom from fault and unwillingness to enter into the difficulty and a reasonable impression of danger and that defendant was so impressed, etc.

8. *Same; Instructions.*—Although a charge may state the general legal principles of legal self defense, if the only hypothesis did not present all the elements of self defense, such charge may be properly refused.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Bobo Parker was convicted of murder in the second degree, and he appeals. Affirmed.

The defendant was indicted for unlawfully and with malice aforethought killing Tobe Edwards by cutting or stabbing him with a knife. The evidence tended to show, for the state: That defendant came into the house of deceased and said something about all the damn coons being there. That deceased was lying on the bed, and told defendant to get out of the house, and defendant asked what right he had to order him out of the house, but, if the lady of the house would request him, he would go, and said to deceased, "Damn you; I will not go." Thereupon deceased got off the bed and told him he did not allow anybody to curse in the presence of his wife and the other women folks, and that defendant must go at once. Defendant declined to go, and deceased went out in the yard and got a stick, came back and struck defendant twice, whereupon defendant went out of the house, but returned at once, saying he would settle it right now, and stabbed deceased twice with a knife. The evidence for defendant tended to show that after the conversation above set out, and after deceased had returnd to the house with a stick, he struck defend-

ant several blows, and continued to strike him as defendant was leaving the house, and that while he was striking him defendant turned and stabbed deceased, killing him.

The following charges were refused to defendant:

"(1) A man may repel force by force in the defense of his person against one who manifestly intends violence or supposed to commit a known felony upon him, and if a conflict ensues in such case and he takes the life, the killing is justifiable."

"(10) If from the evidence, the jury have a reasonable doubt as to the guilt or innocence of defendant, then they must give the benefit of the doubt to the defendant, and find him not guilty."

"(17) The court charges the jury that it is not necessary that there should be actual danger of death or great bodily harm in order to justify the taking of human life; but if the jury are satisfied from all the evidence in the case that the circumstances attending the striking of the fatal blow was such as to impress the defendant with a reasonable belief that the striking of the lick at the time was necessary in order to prevent death or great bodily harm to his person, then the jury must acquit the defendant unless they further believe that the defendant was not free from fault in bringing on the difficulty, or unless he could have retreated without endangering his life."

"(20) If, from all the evidence, the jury have a reasonable doubt as to the guilt or innocence of the defendant, then they must give the benefit of the doubt to the defendant and acquit him.

"(21) The court charges the jury that, if they find that the deceased made an attack on defendant with murerous intent, the defendant was under no obligation

to flee, provided the defendant was free from fault in bringing on the difficulty.

"(22) The court charges the jury that good character, when proven, is a good thing, and that you may look to the good character of defendant in this case, and it may be considered in connection with other facts and circumstances, even to generate a doubt in the minds of the jury." (24) Same as 20.

"(26) The court charges the jury that law recognizes love of life as a natural and legitimate sentiment; and, while it cannot be controlled or molded by notions of chivalry, it permits every one who is without fault, and who has adopted every reasonable expedient to avert the necessity, to take the life of his assailant rather than lose his own. The divine law does not require us to love our neighbor better than ourselves.

"(27) If the attack upon the defendant by the deceased was so sudden, fierce and violent that a retreat would not diminish, but increase, his danger, and he did not provoke the difficulty, he was justifiable in instantly killing the deceased without retreating at all.

"(28) A man is not obliged to flee from his adversary who assails him with a deadly weapon, and retreat to the wall before he can justify the homicide. The assault can be so fierce as not to allow the person assailed to yield a step without manifest danger of life or of enormous harm. If there be no other way of saving his own life, he may in self-defense kill his assailant, and the killing will be justifiable homicide, provided he was free from bringing on the difficulty.

"(29) The court charges the jury that if the circumstances surrounding the defendant at the time of the fatal act was such as to create in his mind a reasonable belief, well founded and honestly entertained, of his own present and immediate peril, and of urgent necessity to

[Parker v. The State.]

take the life of his assailant as the only altrenative of saving his own life or of preventing the infliction of great bodily harm, and he was not the aggressor in bringing on the difficulty, they will find the defendant not guilty.

"(30) Before the jury can convict the defendant they must be satisfied to a moral certainty, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, then they must find the defendant not guilty."

"(32 It is not necessary that there should be actual danger of death or bodily harm in order to justify the taking of human life; but if the jury are satisfied from all the evidence in the case that the circumstances attending the striking of the fatal blow were such as to impress the defendant with a reasonable belief that at the time of striking the lick it was necessary in order to prevent death or great bodily harm to his person, then the jury must acquit the defendant, unless they further believe that the defendant was not free from fault in bringing on the difficulty, or unless he could have retreated without endangering his life."

The defendant was convicted of murder in the second degree, and given 12½ years in the penitentiary.

LACKEY & BRIDGES, and FELIX L. SMITH, for appellant. No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State.

SIMPSON, J.—The appellant was convicted of the offense of murder in the second degree. The question by the defendant to the witness Edwards on cross-examination, asking if he (Edwards) "did not have rocks in his pocket at the time," was totally irrelevant, and no injury could occur to the defendant by the sustaining of the objection thereto.

Charge 1, requested by the defendant, was properly refused. The charge is elliptical. The words "or supposed to commit a known felony upon him" are unintelligible. Besides, it does not state the elements of self-defense.—*Mathews v. State,* 136 Ala. 47, 50, 33 South. 838; *Adams v. State,* 133 Ala. 166, 31 South. 851.

Charges 10, 20 and 24, were properly refused. A reasonable doubt of the innocence of the defendant could not authorize an acquittal. If the jury is convinced beyond a reasonable doubt of the guilt of the accused, then they must have not only a reasonable doubt of his innocence, but an abiding conviction that he is not innocent. Hence it cannot be said that, if they have a reasonable doubt of his innocence, they must acquit.—*Crane v. State,* 111 Ala. 45, 20 South. 590.

Charges 17, 32, and 29 omit to hypothesize the fact that defendant was impressed with the belief that he was in danger, etc.—*Harrison v. State,* 144 Ala. 20, 27, 40 South. 568; *Mitchell v. State,* 133 Ala. 65, eighth headnote, 32 South. 132.

Charge 21 was properly refused. The word "murerous" is without meaning. If the word meant "murderous," the charge is still bad, as it does not describe the nature of the attack; nor does it hypothesize that his danger would be increased by fleeing.

Charge 22 was argumentative, and was properly refused.—*Austin v. State,* 145 Ala. 37-40, 40 South. 989; *Perry v. State,* 91 Ala. 83, 9 South. 279.

Charge 26 was argumentative, and was properly refused.

Charge 27 was properly refused. It does not hypothesize that the attack was such as to impress a reasonable man, and did impress the defendant that he was in great danger, etc. Moreover, it does not sufficiently hypothesize the freedom from fault of defendant, nor his unwillingness in entering into the difficulty.—*Reese v. State*, 135 Ala. 13, 33 South. 672; *Skipper v. State*, 144 Ala. 100, 42 South. 43.

Charge 28 was properly refused. The first part of this charge was merely a statement of general principles, and the only hypothesis presented was in the last part, which does not present all of the elements of self-defense.

Charge 30 was properly refused.—*Shirley v. State*, 144 Ala. 36, 42, 40 South. 269.

The judgment of the court is affirmed.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.