# Whitmore *v.* The State.

## *Manslaughter.*

(Decided June 16, 1910.  52 South. 909.)

1. *Charge of Court; Reasonable Doubt.*—A charge asserting that before the jury could convict they must be satisfied to a moral certainty not only that the proof was consistent with defendant's guilt, but that it was wholly inconsistent with every other rational conclusion, and that unless they were so convinced of defendant's guilt that they would each venture to act on that decision in matters of highest importance and concern to his own interest, they must acquit, had been repeatedly condemned by this court.

2. *Homicide; Instructions; Self Defense.*—A charge asserting that if the defendant did not provoke or bring on the difficulty, and deceased advanced towards him with gun in hand so as to indicate to a reasonable man his intention to do great bodily harm, and there was no reasonable mode of escape without increasing his danger, defendant was authorized to anticipate the deceased and kill him, but that, if the jury have a reasonable doubt on this proposition they must acquit, was properly refused as misleading.

3. *Same.*—It is not error to refuse charges justifying homicide on the grounds of self defense where they omit in hypothesis defendant's bona fide belief of peril at the time he fired the fatal shot.

APPEAL from Gadsden City Court.

Heard before Hon. ALTO V. LEE.

Jack Whitmore was convicted of manslaughter in the first degree, and he appeals.  Affirmed.

In drawing the jury the court followed the usual method employed in capital cases before the adoption of what is known as the "jury law," and the orders made and the drawing was conducted accordingly.  The following charges were refused to the defendant: (4) "The court charges the jury, before the jury can convict the defendant, they must be satisfied to a moral certainty, not only that the proof was consistent with the defendant's guilt, but that it is wholly inconsistent with every rational conclusion; and unless the jury are so convinced by the evidence of defendant's guilt that they

would each venture to act upon that decision in matters of highest concern and importance to their own interest, then they must find the defendant not guilty." (5) "The court charges the jury that if the defendant did not provoke or bring on the difficulty, and the deceased advanced towards the defendant with his gun in his hand, and in such a manner as to indicate to a reasonable man that his intention was to do great bodily harm to the defendant, and that there was no reasonable mode of retreat for defendant without increasing his danger, then the defendant was authorized to anticipate the deceased and kill him; and if the jury have a reasonable doubt on this proposition they must find the defendant not guilty." (3) "The court charges the jury that if the defendant did not provoke or bring on the difficulty, and the deceased advanced towards the defendant with his gun in his hand and in such manner as to indicate to a reasonable man that his intention was to do great bodily harm to the defendant, then the defendant was authorized to anticipate the deceased and kill him; and if the jury have a reasonable doubt on this proposition they must find the defendant not guilty."

GEORGE D. MOTLEY, and W. H. STANDIFER, for appellant. The court erred in refusing charge 4.—*Pickens v. The State,* 115 Ala. 42; *Fowler v. The State,* 155 Ala. 21. Charge 5 should have been given.—*McBryde v. The State,* 156 Ala. 44; *Deal v. The State,* 136 Ala. 52. Charge 3 should have been given.—*Kennedy v. The State,* 140 Ala. 1.

ALEXANDER M. GARBER, Attorney General, for the State.

McCLELLAN, J.—The complaint against the method pursued to constitute the jury to try this defendant is

[Whitmore v. The State.]

based, as appears from the brief of counsel, upon the misconception that the jury law, approved August 31, 1909 (Gen. Acts Sp. Sess. 1909, p. 305 et seq.), was in effect when the defendant was tried. For some purposes it was in effect; but by section 17 (page 312) it was postponed, in partial operation and effect, covering the matter the appellant questions on this appeal, until the first Monday in January, 1910.

There is no merit in the criticisms of the organization of the jury for the trial of this defendant.

The refusal, to defendant, of charge 4 accorded with the ruling here on a duplicate of that charge; charge 7 in *Shirley v. State,* 144 Ala. 35, 42, 40 South. 269.

Charge 5, refused to defendant, is confused, not clear. To what proposition, of the several set forth therein, the concluding sentence had reference is so doubtful as to be misleading. Besides, it omitted in its hypothesis, the bona fide belief of defendant of his peril at the time he shot deceased. The charge probably has other vices.

Charge 3 was well refused. It, like the refused charge 5, omitted, in hypothesis, the bona fide belief of defendant of his peril at the time he shot deceased. It may have other infirmities.

There is no error in the record.

Affirmed.

SIMPSON, MAYFIELD, and EVANS, JJ., concur.