[McCalley v. Penney.]


# McCalley *v.* Penney.

*Assumpsit.*

(Decided November 7, 1914.  Rehearing denied December 17, 1914.
67 South. 696.)

1. *New Trial; Review.*—Where the evidence is in conflict the judgment of the trial court denying a motion for a new trial will not be disturbed on appeal.

2. *Trial; Verdict; Unanimity.*—The verdict must be supported by unanimous judgment of the jurors trying the case upon a consideration of all the evidence.

3. *Appeal and Error; Harmless Error; Instruction.*—It is harmless error to give an instruction which asserts a correct proposition of law, although misleading; especially in the absence of a request from the adversary party for an explanatory charge.

APPEAL from Morgan Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by Charles S. McCalley against James E. Penney. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals. Affirmed.

The charges complained of as given for defendant are as follows: (5) If there is a single member of this jury who, after considering all the evidence in this case, does not believe that plaintiff ought to recover a verdict, then you should not render a verdict against defendant.

(3) As a circumstance to which you may look in connection with all the other evidence in this case in determining whether defendant agreed with plaintiff to let him have the farm as is alleged in pleas 4 and 5 filed in this cause, you may look to the fact, if it be a fact, that plaintiff collected rents from some of the tenants on said land for the year 1903.

E. W. GODBEY, for appellant.

KYLE & HUTSON, for appellee.

GARDNER, J.—Suit upon a duebill. The issue litigated by the parties was contained in the special pleas of the defendant setting up a subsequent and separate agreement in satisfaction and settlement of the claim evidenced by the duebill; it being insisted that it was agreed between the parties that the plaintiff, holder of the duebill, would accept the rents of a certain farm of the defendant, for the year 1903, in full satisfaction and settlement of said duebill.

The trial, from which this appeal is taken by the plaintiff, in the court below, was had in October, 1913. The record discloses a judgment in favor of the plaintiff in November, 1910, and nowhere indicates in what manner the same was disposed of, nor does brief of counsel so inform us. From the similarity of names, pleas, statement of the case, etc., as found in the case reported as *Penney v. McCalley,* 3 Ala. App. 497, 57 South. 510, it might be assumed that this was the same cause which was reviewed by the Court of Appeals.

(1) But three assignments of error are urged in brief of counsel for the appellant. That most earnestly insisted upon is that relating to the action of the court in overruling the motion of the plaintiff for a new trial on the ground that the verdict in favor of the defendant was against the overwhelming weight of the evidence, and manifestly wrong and unjust.

We have studied the evidence with much care, and given careful consideration to argument of counsel thereon. We will not here discuss the evidence, but content ourselves with the statement of our conclusion that, under the well-understood rule announced in *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, and subsequently followed by a number of our decisions, we do not feel authorized to disturb the ruling of the trial court upon the motion for a new trial.

(2) Charge 5 states no incorrect proposition, and the giving of this charge is not reversible error.

(3) Charge 3 is criticized upon the ground that the duebill itself authorized the plaintiff to collect the rents, while the charge permitted the jury to look to that fact in determining whether the defendant had such an agreement with plaintiff as alleged in his special pleas.

Under the contention of plaintiff the rent was a mere security which he could collect or not, as he saw fit, without in any wise impairing the obligation as evidenced by the duebill. The theory of the defense, however, was that it was the agreement of the parties that the rent for 1903 should settle and satisfy the debt evidenced by the duebill. Under this contention it would be obligatory (from a standpoint of self-protection only, of course) upon plaintiff to rent out the farm and collect the rents, because they were his, absolutely, and unless collected, he received nothing for his debt. Indeed, the collection of the rents may be considered upon either the theory of the plaintiff or that of the defendant, as the case may be. The charge is confessedly misleading, and could properly have been refused. It asserts, however, no incorrect proposition of law. As a misleading charge, if the plaintiff thought any injury might result therefrom, it was open to him to ask an explanatory charge. While the charge, as stated, could properly have been refused, yet the giving of the charge by the court is not an error for which the cause will be reversed. We have here treated of the charge only as it is criticized by counsel in brief. It may be also subject to other criticism, as pointed out in *Penny v. McCalley, supra;* but, as we have concluded that the giving of the same is not reversible error, it is unnecessary that such criticism be pointed out.—*Bancroft*

*v. Otis,* 91 Ala. 279, 8 South. 286, 24 Am. St. Rep. 904; *Austin v. State,* 145 Ala. 37, 40 South. 989.

We have reviewed the assignments of error which are insisted upon by counsel for appellant, and, finding no reversible error in the record, the judgment of the court below is affirmed.

Affirmed.

MCCLELLAN, SAYRE, and DE GRAFFENRIED, JJ., concur.