(87 South. 701)

### KING v. STATE.   (6 Div. 679.)

(Court of Appeals of Alabama. June 1, 1920. Rehearing Denied June 22, 1920.)

1. CRIMINAL LAW ☞723(3)—STATEMENT OF SOLICITOR IN ARGUMENT HELD NOT OF FACT, BUT HIS CONCLUSION AS TO EFFECT OF CONVICTION.

Statement of the solicitor in argument, "If you give defendant the punishment he deserves, then when you read, 'Another Policeman Murdered,' you will not feel that you have been, by your action, * * * in any manner responsible," is not one of fact, but the solicitor's inference or conclusion and his opinion as to after effect on the jurors of their action.

2. CRIMINAL LAW ☞728(2)—RULING OF TRIAL COURT ON REMARK OF SOLICITOR SHOULD BE INVOKED PROMPTLY.

To put the trial court in error with respect to supposed improper remarks of the solicitor, it should appear that its ruling was appropriately invoked promptly on the making of the remark.

3. CRIMINAL LAW ☞789(2)—DEFINING OF "REASONABLE DOUBT" TO JURY HELD NOT ERROR.

For the court, after stating that a jury should not convict till satisfied beyond a reasonable doubt of guilt, to state relative to meaning of reasonable doubt: "You cannot establish guilt to a mathematical certainty. You

can only do it to that certainty as you weigh the everyday affairs of life that you come in contact with. A reasonable doubt means a real doubt or a substantial doubt growing out of the evidence; it is a doubt for which a reason can be given"—is not error.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reasonable Doubt.]

4. HOMICIDE ☞300(14)—REQUESTED CHARGE ON SELF-DEFENSE HELD TO IGNORE NECESSITY OF DANGER AND LACK OF MEANS OF SAFE RETREAT.

Requested charge in homicide on self-defense held faulty in ignoring doctrine that before self-defense can be invoked there must be an element of real or apparent danger and lack of means of safe retreat.

5. HOMICIDE ☞118(1) — PERSON ATTACKED NOT UNCONDITIONALLY ABSOLVED FROM DUTY OF RETREAT.

Relative to right of self-defense, a person attacked is not absolved from the duty of retreat, if it reasonably appears that by retreat he can avoid the danger.

6. HOMICIDE ☞300(14)—REQUESTED CHARGE ON SELF-DEFENSE FAULTY IN OMITTING BONA FIDE BELIEF OF PERIL.

Requested charge in homicide on self-defense held faulty in omitting the bona fide belief of defendant of his peril when he shot deceased.

7. CRIMINAL LAW ☞829(1)—ENOUGH THAT, REQUESTED CHARGE WAS COVERED BY THOSE GIVEN.

It is enough that a refused requested charge was covered by some of the other charges given for defendant.

Appeal from Circuit Court, Tuscaloosa County; Edward De Graffenried, Judge.

Tossie King was convicted of manslaughter for the killing of one W. G. Thrower, a policeman, in the city of Tuscaloosa, and he appeals. Affirmed. Certiorari denied, 87 South. 703.

Most of the facts sufficiently appear from the opinion of the court. The following are the charges referred to in the opinion as refused to the defendant:

(1) If you believe from the evidence in this case that the defendant did not provoke or bring on the difficulty, but approached the deceased in an orderly and peaceful manner, and the deceased angrily and insultingly advanced towards him, and drew his pistol or placed his hand upon or in the direction of his pistol pocket in such manner as to indicate to a reasonable mind that his purpose was to draw and fire, the defendant was authorized to anticipate him and fire first or to continue to fire until the threatened danger had passed.

(2) It is your duty to find the defendant not guilty if, after considering all the evidence in this case, there is a reasonable doubt in your mind as to whether at the time King fired the fatal shot Thrower had drawn or was attempting to draw his pistol, and while so doing was

advancing or preparing to advance on King in a threatening manner, and that King had at the time of or immediately preceding the difficulty said or done nothing reasonably calculated to provoke the difficulty, and that at the time he fired King was under the reasonable belief that there was no avenue of escape to him without increasing his danger.

J. M. Foster and McKinley, McQueen & Aldridge, all of Tuscaloosa, for appellant.

The argument of the solicitor was objectionable. 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; 99 Mo. App. 660, 74 South. 454. The court was in error in its oral charge. 111 Ala. 80, 20 South. 490; 31 Ind. 495; 11 Nev. 343. Counsel discuss refused charges, but without citation of authority.

J. Q. Smith, Atty. Gen., for the State.
No brief came to the Reporter.

MERRITT, J. The defendant was tried and convicted under an indictment charging manslaughter in the first degree, his punishment being fixed at three years in the penitentiary. The solicitor in his closing argument to the jury made use of the following language:

"If you will give this man the punishment which he deserves, then when you pick up a newspaper and see in big headlines 'Another Policeman Murdered,' you will not feel that you have been, by your action in this case, in any manner responsible for the killing."

To this statement and remark by the solicitor the defendant in open court objected and moved the court to exclude the remark and statement from the jury, but the court overruled the objection and refused to exclude the remark and statement from the jury, and the defendants reserved an exception.

[1] For the statement or remark to come within the rule laid down in Cross v. State, 68 Ala. 476, and upheld in the case of B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543, the statement or remark must be made as of fact. The fact must be unsupported by any evidence and must be pertinent to the issue, or its natural tendency must be to influence the finding of the jury. The statement objected to was not of fact, but was an inference or conclusion of the solicitor and his opinion as to what after effect might be produced on them by their action in the case.

Although the record shows that objection was made to the statement which was used in the solicitor's closing argument to the jury, it does not show that objection was made to the statement at the time made, and, as stated in B. R., L. & P. Co. v. Gonzalez, supra:

"This may well have been done under this recital an hour or more after the * * * statements were made by counsel."

[2] To put the trial court in error, it should, in general, be made to appear that its ruling was appropriately invoked promptly upon the utterance of the supposedly improper remark. Birmingham Nat. Bank v. Bradley, 108 Ala. 208, 19 South. 791; B. R., L. & P. Co. v. Morris, 163 Ala. 190, 50 South. 198.

No motion was made for a new trial in the case at bar.

[3] In its oral charge to the jury the court, among other things, said:

"You cannot establish guilt to a mathematical certainty. You can only do it to that certainty as you weigh the everyday affairs of life that you come in contact with. A reasonable doubt means a real doubt or a substantial doubt growing out of the evidence; it is a doubt for which a reason can be given."

The defendant excepted to this part of the charge, and made separate exceptions to each sentence of that portion of the charge set out above. Immediately preceding the portion of the oral charge set out above the court stated:

"I shall instruct you as to what a reasonable doubt means, and you will bear that in mind. A jury should not convict any man until that jury is satisfied beyond a reasonable doubt of his guilt."

It must be borne in mind that the judge, a human being, was endeavoring to make clear to the jury, 12 other human beings, just what was the real, every day, all the year around, meaning of those two words "reasonable doubt," which have been the cause of so much confusion and misunderstanding. Being fully aware that in the whole domain of knowledge mathematical facts alone are capable of that precise and logical demonstration which absolutely convinces the mind and leaves no room for any doubt whatever, it was well that the judge should charge the jury that the guilt of the defendant could not be established to a mathematical certainty. When one has solved a given problem in geometry and has demonstrated the correctness of his solution by applying to it the rules of that science and the knowledge which he already possesses, the certainty of the facts involved has been demonstrated by a chain of facts and argument which must completely convince the mind of every sane man. Such a demonstration not only convinces the mind of the truth of a proposition, but absolutely excludes the possibility that a contradictory proposition is true. But, as regards our knowledge of human affairs derived from the testimony of witnesses, this is absolutely impossible. Such facts cannot be scientifically demonstrated to be true, and it strikes us as a perfectly safe rule that the certainty required of the jury might safely be arrived at by weighing and considering the testimony as they weigh the everyday affairs of life, to the certainty, of

course, that they should be satisfied beyond a reasonable doubt of the guilt of the accused, and this reasonable doubt being a substantial doubt arising out of the evidence. A reasonable doubt is a doubt for which a reason can be given. Jones v. State, 120 Ala. 303, 25 South. 204; Walker v. State, 117 Ala. 42, 23 South. 149; Hodge v. State, 97 Ala. 37, 12 South. 164, 38 Am. St. Rep. 145.

[4, 5] Refused written charge numbered 1 was faulty in that it ignores the doctrine that before a defendant can invoke self-defense there must be the element of real or apparent danger and lack of means of safe retreat. A person attacked is not absolved from the duty of retreat, if it reasonably appears that by retreat he can avoid the danger. Kirkland v. State, 141 Ala. 45, 37 South. 352; Parker v. State, 153 Ala. 25, 45 South. 248.

[6] Written charge numbered 2 omits the bona fide belief of the defendant of his peril at the time he shot the deceased. It may be otherwise bad. Whitmore v. State, 168 Ala. 45, 52 South. 909.

[7] Refused written charge numbered 3 was covered by one or more of the 40 given written charges for the defendant.

We find no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.