26 So.2d 535

### TOLBERT v. STATE.
4 Div. 874.

Court of Appeals of Alabama.
June 11, 1946.

**432**

J. W. Brassell, of Phenix City, for appellant.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was indicted for murder in the first degree and convicted of manslaughter in the first degree.

The tendencies of the evidence are fairly and accurately set out in the brief of the Assistant Attorney General. We copy it:

"Testimony introduced by the State tended to show on Sunday afternoon about five o'clock the appellant, Abraham Tolbert and several other negroes were at or near Winn's Station in Russell County. They had all been to church that day and were apparently waiting for the train to come. The deceased, John Henry Saxon, arrived at the station in a pick-up truck, together with some companions. When he arrived at the station he got out of his truck and began cursing in the presence of the negro women and children. It appears that several of the negroes, including the appellant, prevailed upon the deceased to stop using abusive language, and that while the appellant was attempting to talk to the deceased to make him stop cursing, the appellant drew a knife on the deceased and stabbed him. The deceased died on the spot in the presence of several other witnesses who testified at the trial. The evidence is in conflict as to whether or not the deceased had been drinking prior to the killing.

"The appellant's only defense was self-defense. Appellant states that the deceased was drunk and was cursing and called the appellant over to talk to him and that the deceased had his hand in his pocket at the time. The appellant further contends that although he did not see a knife the deceased slapped him about the neck and that he, the appellant, had his knife out and that the deceased ran into it. A preponderance of the testimony shows that the deceased had no knife in his hand at the time.

"The appellant introduced evidence of his general good character in the community and also his character for peace and quietude. Further evidence tended to show that the deceased had a bad character in the community and also had a reputation for being of a violent and bloodthirsty nature."

■ Appellant interposed one objection during the time the testimony was being taken. No exception was reserved to the adverse ruling of the court. In this state of the record the question will not be reviewed. Austin v. State, 145 Ala. 37, 40 So. 989.

■ The only other question presented for review by the record is the action of the lower court in overruling appellant's motion for a new trial. We will not disturb this action of the trial judge. Girardino v. Birmingham Southern R. Co., 179 Ala. 420, 60 So. 871; Freeman v. State, 30 Ala.App. 99, 1 So.2d 917; Cobb v. Malone, 92 Ala. 630, 9 So. 738.

■ The judgment of the nisi prius court is due to be and is affirmed.

Affirmed.