### WHALEY *v.* VANNATTA.

### Opinion delivered December 9, 1905.

1. EVIDENCE—IDENTIFICATION OF THING OFFERED AS EXHIBIT.—In a suit to recover the price of certain hay, in which the defendant filed a counterclaim; alleging that the hay was of inferior quality, it was not error to refuse to allow defendant to exhibit two bales of hay as proof of the inferior quality of the hay sold, if the bales exhibited were not identified as part of the hay purchased by defendant from plaintiff. (Page 240.)

2. TRIAL—ARGUMENT—APPEAL TO CLASS PREJUDICE.—A statement by appellee's counsel to the jury to the effect that appellant and his witnesses were commission merchants, and that appellee and the jury should "stick together," is in the nature of an appeal to class prejudice, and an objection thereto, if properly made, should have been sustained. (Page 241.)

3. SAME—IMPROPER ARGUMENT—RULING OF COURT.—Where remarks of counsel complained of were not so prejudicial that no reprimand or other action of the trial court, short of granting a new trial, could have cured the error, it is necessary, in order to make the objection available on appeal, that some ruling by the trial court should have been made or demanded by counsel. (Page 241.)

4. SAME.—Where the bill of exceptions shows that appellant objected to an improper argument of appellee's counsel, "and asked that his exceptions be noted of record," this shows neither a ruling nor a refusal to rule on the part of the trial judge, and brings nothing before the appellate court for review. (Page 241.)

Appeal from Monroe Circuit Court; GEORGE M. CHAPLINE, Judge; affirmed.

### STATEMENT BY THE COURT.

J. O. Vannatta, a farmer of Monroe County, sold seven carloads of hay to J. F. Whaley, a dealer in hay at Stuttgart, Ark. The hay was delivered in cars at Roe, Arkansas, the nearest station to the home of Vannatta. Afterwards Whaley paid Vannatta $349.48 on the purchase price, and gave him a statement showing a balance of $131.88 due. Afterwards Whaley claimed that the hay had proved to be of an inferior quality, that his customers to whom he had sold it had rejected it; and he refused to pay the balance claimed by Vannatta. Vannatta brought an action to recover the price.

The defendant filed an answer, and also a counterclaim, in which he alleged that the hay was of grade inferior to that required by the contract, and he asked judgment for damages alleged to have been suffered by him.

On the trial the defendant exhibited to the jury samples of the hay shipped by him to a merchant at Pine Bluff, and also offered to exhibit other portions of it that had been returned to him from England, Ark., but the court, on objection, refused to permit him to do so, on the ground that it was not sufficiently identified. An attorney for plaintiff in the closing argument made certain remarks to which counsel for defendant objected. To quote the language of the bill of exceptions, the attorney said in substance. "that a certain defendant in a certain trial whispered in the ear of each juror before retiring for deliberation that 'we fellows must stand together' (emphasizing this point), 'and that the jury returned a verdict for the defendant;' that in this case the defendant down there (meaning Stuttgart) and his witnesses were a crowd of commission merchants all along the line, or words to that effect, impliedly meaning that he (plaintiff) and the jury should stick together." The bill of exceptions then recites that "the defendant objected to the above

language, and asked that his exceptions be noted of record, which was done."

The jury returned a verdict in favor of plaintiff for $131.88, and judgment was rendered accordingly.

Defendant appealed.

*H. A. Parker* and *Pettit & Pettit,* for appellant.

The verdict is not supported by the evidence. That appellee failed to deny the testimony of appellant's witnesses, or any of them, will be taken against him. 16 Cyc. 1064; 70 Ark. 385. The argument of appellee's attorney to the jury under the circumstances was prejudicial. 75 Ark. 577. The court erred in denying appellant's application to introduce a sample of the hay in evidence.

*Thomas & Lee,* for appellee.

The jury are the exclusive judges of the testimony and of the weight to be attached to it. 6 Ark. 428; 19 Ark. 121; 23 Ark. 50; 26 Ark. 360; 45 Ark. 165; 41 Ark. 331. The subjects and range of argument of counsel are necessarily in the discretion of the presiding judge. 34 Ark. 649; 38 Ark. 304.

RIDDICK, J., (after stating the facts.) This is an appeal by the defendant from the judgment against him for balance due for the price of hay sold him by plaintiff. The evidence tends very strongly to show that the hay was of an inferior quality, but there is conflict in the evidence on that point, and we see no reason for disturbing the judgment on that ground.

The court, we think, did not err in refusing to allow the defendant to exhibit to the jury two bales of the hay which defendant claimed was a part of the carload of the hay he had sold to Fagan & Underwood of Stuttgart, and shipped by them to a customer at England who had returned these two bales to Fagan & Underwood as samples of the hay. This carload was not shipped from Stuttgart, but from Roe, Arkansas, where it was delivered by plaintiff. Underwood, who testifies as a witness, does not say that he had ever seen the hay before it was shipped to his customer at England. This customer at England testified in his deposition that he returned "samples" of the hay by freight to Underwood, but he does not describe these samples, or say whether he returned as much as two bales or not. The hay was not received by Underwood direct from the railway company

but by a public drayman. This drayman did not testify; and as Underwood had never seen the hay before, and did not of his own knowledge know from whom the drayman received it, he could not identify these two bales of hay as the "samples" which the deposition of the customer at England showed had been returned, or as a part of the same hay which he had purchased from Whaley. The contention of appellant on this point must be overruled.

The only remaining point urged here is that the closing argument of counsel for plaintiff was improper and prejudicial. We have no doubt that the remarks complained of were intended by counsel who made them as a piece of harmless pleasantry, but, as it was in the nature of an appeal to class prejudice, it was, in the opinion of a majority of us, improper, and the objection thereto, if properly made, should have been sustained by the court. *Rochester School Town* v. *Shaw,* 100 Ind. 268; 2 Enc. Plead. & Prac. 742.

But the general rule is that, in order to make such an objection available in the appellate court, there must first be a ruling or a refusal to rule by the trial court. 2 Cyc. 711-713. "In order that a party may avail himself in an appellate court of an objection for misconduct of opposing counsel in the argument of a case, he must not only interpose a seasonable objection, as has just been stated, but he must then press the court for a distinct ruling, and, if dissatisfied therewith, enter an exception; otherwise there is nothing presented for review." 2 Am. & Eng. Enc. Law, 755; *Lunsford* v. *Dietrich,* 93 Ala. 565. This rule has been adopted by this court with possibly an exception in those cases where the remarks of counsel are so obviously prejudicial that no reprimand or action on the part of the court can cure the error. *Kansas City Sou. Ry. Co.* v. *Murphy,* 74 Ark. 256. But the remarks complained of here were not of that kind; and, in order to make the point available here, some ruling by the trial court should have been made or demanded by counsel; but the bill of exceptions does not show that. Its language on this point is that "the defendant objected to the above language, and asked that his exceptions be noted of record." This shows neither a ruling nor a refusal to rule on the part of the trial judge, and brings nothing before us for review.

The instructions given by the court were as favorable to the defendant as the law would permit. No objections were made to them, and, finding no reversible error, the judgment is affirmed.