# Storey v. The State.

## Assault With Intent to Murder.

(Decided May 13, 1909.  49 South. 753.)

1. *Witnesses; Examination; Questions Tending to Incriminate.*—A question to a witness as to whether he did not tell the person assaulted that if he did not stay away from a certain house he would shoot him, was properly sustained, as an answer in the affirmative would probably have tended to incriminate the witness.

2. *Homicide; Assault With Intent to Murder; Incriminating Others.*—Although it is proper to introduce evidence to show that another committed the crime for which the defendant is being tried, evidence that a witness for the state had threatened the prosecuting witness is not admissible.

APPEAL from Chambers Circuit Court.

Heard before Hon. S. L. BREWER.

From a conviction for assault with intent to murder Tom Storey appeals. Affirmed.

R. B. BARNES, for appellant.—The guilt of other parties may be shown if asked for by direct question.— *Prince v. The State,* 100 Ala. 144. The question asked was proper in the attempt to show such guilt and should have been allowed.—*Child's case,* 58 Ala. 349; *Snow,*

*et al. v. The State,* 58 Ala. 372; *Banks, et al. v. The State,* 72 Ala. 522; *Owensby's case,* 82 Ala. 63.

ALEXANDER M. GARBER, Attorney-General, for the State.—The court properly disallowed the question attempted to be asked the witness Barrow.—*Alston v. The State,* 63 Ala. 178; *Banks v. The State,* 72 Ala. 522.

MAYFIELD, J.—We find no reversible error in the record proper.

The only exemption reserved by the bill of exceptions is to the ruling of the trial court in sustaining an objection interposed by the solicitor to the following question, propounded to a witness named Barrow: "Did you not tell Anderson Long, a short time before the shooting near your house in Lanett, Ala., that if he did not stay away from Mary's house you would shoot him?" This is not shown to be error. The bill of exceptions and brief of counsel fail to show wherein it was a proper question, or that its answer would be relevant, or even what the answer would be. The answer would probably have tended to incriminate the witness —which would be sufficient reason for sustaining the objection to the question, though we do not mean to intimate that it was shown that the answer would be relevant.

It is insisted by counsel for appellant that the evidence sought to be elicited was competent to prove that another committed the crime for which the accused was on trial. True, proof of such fact is always admissible in criminal trials; but this question was not admissible for this purpose.—*Wood v. State,* 72 Ala. 522; *Alston v. State,* 63 Ala. 178; *Beaver's Case,* 103 Ala. 36, 15 South. 616.

The judgment is affirmed.

DOWDELL, C. J., and SIMPSON and SAYRE, JJ., concur.