# Birmingham Railway, Light & Power Co. *v.* Gonzalez.

## *Injury to Passenger.*

(Decided February 13, 1913.   61 South. 80.)

1. *Carriers; Passengers; Injury; Complaint.*—A complaint alleging that while plaintiff, a passenger, was in the act of alighting from a street car, it started forward with a sudden violent jerk, throwing her to the floor and injuring her, and that her injuries were proximately caused by the negligence of defendant in the negligent manner in which it ran and operated its car, was good as against the demurrers interposed.

2. *Same; Pleas; Sufficiency.*—Pleas alleging that while plaintiff was in the act of going from her seat to the door of the car, the car was in motion, that it was her duty to exercise reasonable care to support herself, but that she negligently failed to exercise such care, and that while standing in the aisle or on the platform while the car was in motion she negligently failed to support and maintain herself in a standing position, were not sufficient as an answer to an action for damages alleged to have been caused by a violent jerk of the car, as the passenger was preparing to alight, as they were susceptible of the construction that she failed to make use of the external supports afforded without alleging such facts as required such precaution, such as age or physical infirmity.

3. *Same; Instructions.*—A charge asserting that if plaintiff walked down the aisle of the car while the car was in motion, she assumed the risk of all proper and ordinary movements of the car, was not a

proper charge as all of the testimony in the case showed that plaintiff was standing at the back of the car when injured, and there was no testimony tending to show that such passenger was injured while walking down the aisle.

4. *Same.*—Where there was no allegation of willful injury and the count for wanton negligence had been eliminated, the court properly declined to instruct the jury that if any individual juror was not reasonably satisfied from the evidence that plaintiff was negligently, wantonly or willfully injured, then the jury could not find for plaintiff.

5. *Negligence; Contributory Negligence; Plea.*—Pleas of contributory negligence are required to allege facts sufficient in themselves to show plaintiff's negligence as a legal conclusion, or to reasonably suggest it as an inference of fact, and in the last case, must color the equivocal facts by stating the conclusion that plaintiff's conduct was negligent.

6. *Same.*—Where the conduct of plaintiff is not negligent per se, and yet may be so by reason of his surroundings, pleas setting up contributory negligence under such circumstances must allege those circumstances as far as reasonably practicable.

7. *Appeal and Error; Showing Error; Exceptions.*—Where objections to improper remarks of counsel were made and overruled separately but only one exception is taken to all of the rulings, and some of the remarks are not improper or prejudicial, the exception cannot be sustained on appeal.

8. *Same.*—An objection to improper remarks of counsel without request for instructions to disregard such remark is not sufficient as a basis for an exception.

9. *Same; Burden of Showing Error.*—Doubtful recitals in the record will be construed most strongly against the exceptor, and will not be held to carry the burden on him of showing error.

10. *Trial; Argument of Counsel; Remedy.*—A ruling must be appropriately invoked, at once upon the utterance of such remark in order to put the trial court in error with the respect to improper remarks of counsel.

11. *Same.*—Where statements by counsel are objectionable only because they are of matters of fact not in evidence, the objections thereto should so state.

12. *Same.*—Remarks of plaintiff's counsel that millions of nickels and dimes went into the coffers of the street car company and to the stockholders, and that we give them valuable franchises, were improper in a passenger's action for injury, and upon proper request therefor, the jury should have been instructed to disregard them.

13. *New Trial; Grounds; Misconduct of Counsel.*—A new trial will be not granted because of improper remarks of counsel where the remarks are grossly improper and highly prejudicial, unless appropriate objection and appeal to the court for corrective action was made at the time of their utterance.

14. *Same.*—The remarks considered and held not so grossly improper or highly prejudicial as to require a new trial where appro-

[Birmingham Railway, Light & Power Co. v. Gonzalez.]

priate objections and appeal to the court for corrective action was not taken at the time.

15. *Same; Procedure; Assignment of Grounds.*—An assignment that certain improper remarks were made by a counsel without any allegation that they affected the jury and procured a verdict unfavorable to defendant, or excessive in amount, were insufficient as grounds for a motion for new trial.

(Anderson, Mayfield and deGraffenried, JJ., dissenting.)

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Mrs. Mary H. Gonzalez against the Birmingham Railway, Light & Power Company, for damages for injuries received while a passenger. Judgment for plaintiff and defendant appeals. Affirmed.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant. The court erred in overruling demurrers to the first count of complaint.—*B. R. L. & P. Co. v. Parker,* 156 Ala. 251; *Same v. Weathers,* 51 South. 303; *Mobile L. & P. Co. v. Bell,* 153 Ala. 90. The court erred in sustaining demurrer to defendant's plea 5.—*Pace v. L. & N.,* 52 South. 52; *Turner v. L. & N.,* 50 South. 124. On the same authorities the court erred in sustaining demurrer to plea 7. Charge 7 requested by defendant should have been given.—*Phillips v. State,* 156 Ala. 561; *B. R. & E. Co. v. James,* 121 Ala. 120. Charge 2 should have been given.—*Phillips v. State,* 156 Ala. 141; *B. R. L. & P. Co. v. Moore,* 148 Ala. 115. The remarks of counsel were highly improper and prejudicial, and should have been stricken on motion, and failing therein the court should have granted motion for new trial.—*Florence, etc., Co. v. Fields,* 104 Ala. 471; *B. R. L. & P. Co. v. Drennen,* 57 South. *Tannehill v. State,* 159 Ala. 52; 16 N. E. 634; 102 U. S. 451; 13 R. I. 661. The withdrawal of the remarks did not cure the wrong done.—*Woolf v. Minnis,* 74 Ala. 286; 29 Atl. 777. It is not necessary to the granting of a new trial that the in-

jured party does not raise any objection at the time.—
60 N. W. 916; 41 N. H. 317; 10 Ga. 511; 5 Atl. 838; 24
Am. Rep. 575; *L. & N. v. Sullivan T. Co.*, 126 Ala. 95;
*E. T. V. & G. v. Bayliss*, 75 Ala. 466; *L. & N. v. Orr*, 91
Ala. 548, and authorities supra.

FRANK S. WHITE & SONS, for appellee. The first
count was sufficient and the demurrer thereto was prop-
erly overruled.—*Mont. St. Ry. v. Armstrong*, 123 Ala.
244; *B. R. L. & P. Co. v. Haggard*, 155 Ala. 344; *Same
v. King*, 149 Ala. 505; *Same v. Adams*, 146 Ala. 268;
*Same v. McGinty*, 158 Ala. 413; *Same v. Jung*, 161 Ala.
463; *Same v. Oden*, 51 South. 240; *Same v. Selhorst*, 51
South. 568; *C. of Ga. v. Carleton*, 163 Ala. 66. The
court properly sustained demurrers to pleas 5 and 7.—
*Creola L. Co. v. Mills*, 149 Ala. 482; *U. S. C. I. P. &
F. Co. v. Granger*, 162 Ala. 640; *Osborn v. Ala. S. & W.
Co.*, 135 Ala. 571; *B. R. L. & P. Co. v. Dickerson*, 154
Ala. 523; *Same v. Lee*, 153 Ala. 80; *Same v. Anderson*,
163 Ala. 74; *Same v. Hawkins*, 153 Ala. 88; *Same v. Sel-
horst, supra*. The court properly refused the seventh
charge.—Authorities supra. Charge 2 was properly re-
fused.—*Ala. S. & W. Co. v. Thompson*, 51 South. *B. R.
L. & P. Co. v. James*, 121 Ala. 125; *A. G. S. v. McWhor-
ter*, 156 Ala. 282. The exceptions to arguments of coun-
sel were not such as to bring the same before this court
for review.—*Childress v. State*, 86 Ala. 86; *Nelson v.
Shelby Co.*, 96 Ala. 541; *B. R. & E. Co. v. James*, 121
Ala. 124; *B. R. L. & P. Co. v. Windham*, 24 South. 548.
See generally on this subject *Alston v. State*, 109 Ala.
54; *L. & N. v. Holland*, 55 South. 1007; *Smith v. State*,
130 Ala. 98; *Moore v. State*, 40 South. 345; *Reynolds v.
State*, 68 Ala. 502; *Dickens v. State*, 142 Ala. 51. The
objections should have been made at the time the re-
marks were made, and a ruling should have been re-

quested thereon.—*B. R. L. & P. Co. v. Morris*, 153 Ala. 209.

SOMERVILLE, J.—The first count of the complaint alleges that plaintiff was a passenger on one of defendant's cars, her destination being Sixth avenue and Twenty-Third Street North, in Birmingham; and that "while plaintiff was in the act of alighting or disembarking from said car it started forward with a sudden, violent jerk, throwing her with great force and violence down to and upon the floor of the car, injuring her," etc. The concluding averment is "that her said injuries were proximately caused by the negligence of the defendant in the negligent manner in which it ran or operated its said car."

Defendant demurred to this count, on the grounds, substantially, that it does not show that plaintiff was alighting at a proper time or proper place, and hence does not show that the sudden start and jerk was a violation of any duty owed to plaintiff by defendant.

On the authority of *B. R., L. & P. Co. v. Haggard*, 155 Ala. 343, 46 South. 519, *L. & N. R. R. Co. v. Church*, 155 Ala. 329, 46 South. 457, 130 Am. St. Rep. 29, *B. R., L. & P. Co. v. Oden*, 164 Ala. 1, 57 South. 240, *B. R., L. & P. Co. v. Jordan*, 170 Ala. 535, 54 South. 280, *B. R., L. & P. Co. v. Fisher*, 173 Ala. 623, 55 South. 995, this count must be held sufficient as against the demurrer; and its overruling by the trial court was therefore free from error.

We have, in this connection, considered the rulings found in *B. R., L. & P. Co. v. Parker*, 156 Ala. 251, 47 South. 138, and *B. R., L. & P. Co. v. Weathers*, 164 Ala. 23, 51 South. 303. In those cases, as in the present case, the complaint stated the mode of the injury by a recital of facts which, standing alone, were not sufficient to

show negligence on the part of the carrier; and, as in the present case, it also concluded with a general charge that plaintiff's resulting injury was proximately due to defendant's negligence in carrying plaintiff as its passenger. But in those cases the complaint went further and qualified its general averment of negligence by the addition of the phrase "as aforesaid," which was held to mean "that the facts already alleged in its forepart constitute negligence, and by reason and as a consequence of them, and nothing besides, plaintiff suffered his injuries." Hence the demurrers for insufficiency of averment were there sustained. Those rulings thus predicated are not applicable to the present complaint.

Demurrers were sustained to defendant's pleas 5 and 7, which charge plaintiff with contributory negligence proximately causative of her injuries. Plea 5 alleges that "while plaintiff was going from her seat to the door of said car said car was in motion, and that it was plaintiff's duty to exercise reasonable care to support herself, but that plaintiff negligently failed to exercise such reasonable care to support herself," etc. Plea 7 alleges that "plaintiff while standing in the aisle, or upon the platform of said car, while said car was in motion, negligently failed to properly support and maintain herself in such a standing position, whereby," etc. The demurrers attack these pleas on the ground of the insufficiency of their averment of the facts relied upon as constituting and showing contributory negligence.

It is the settled rule in this state that in such pleas facts must be alleged—facts which are sufficient, in themselves, to show plaintiff's negligence as a conclusion of law, or to reasonably suggest it as an inference of fact. In the latter case, the facts being proved, negligence vel non is a question of inferential fact for the

jury; and, the facts being consistent with a negative inference, it is essential that the plea should color the equivocal facts by supplying the conclusion that plaintiff's conduct was negligent.—*Pace v. L. & N. R. R. Co.,* 166 Ala. 519, 52 South. 52, 54. Where plaintiff's conduct is not per se negligent, but may be so by reason of attending circumstances, these circumstances must be shown by appropriate averment, as far as is reasonably practicable, though, brevity being the soul of good pleading, shorthand statements may often suffice, when their ultimate constituents would be tedious or difficult of rehearsal.

The pleas in question tacitly admit that plaintiff was injured, while in the act of alighting from the car, as the result of being thrown from her feet onto the floor by reason of the car starting forward with a sudden, violent jerk. Their language is reasonably susceptible of two applications: (1) To the failure of plaintiff to make proper and adequate use of her legs and feet for the support of her body; or (2) to her failure to make use of such external supports as common knowledge teaches us the structure of the car might offer to either hands or feet—in both cases without due regard to the natural impairment of her equipoise while walking or standing on a moving car.

So far as the first alternative is concerned, we think the pleas sufficiently show the duty of plaintiff and its negligent omission by her, as contributory to her injury. But, with respect to the second alternative, we think it is deficient in omitting any averment of facts which might reasonably impose upon a debarking passenger the duty of taking the extraordinary precautions hypothesized—such facts, for example, as the age or physical infirmity of the passenger, the incumbrances carried by her, the speed of the car, and the consequent in-

security of the balance or footing of the passenger while standing on her feet preparatory to leaving the car, having in view its ordinary and proper movements. We therefore hold that the demurrers on this ground were well taken and properly sustained to pleas 5 and 7.

We note, in passing, that, while a plea substantially like these was interposed in *B. R., L. & P. Co. v. Selhorst,* 165 Ala. 475, 51 South. 569, its sufficiency in these aspects was not determined.

The trial court refused to give this charge, as requested in writing by the defendant: "If you believe from the evidence that plaintiff walked down the aisle when the car was in motion, then I charge you that plaintiff assumed the risk of all proper and ordinary movements of the car." This charge, it seems, states a correct proposition of law.—*B. R., L. & P. Co. v. James,* 121 Ala. 120, 123, 25 South. 847; *L. & N. R. R. Co. v. Smith,* 129 Ala. 561, 30 South. 571. It must, however be pronounced abstract and properly refused in the present case, in view of the absence of any evidence tending to show that plaintiff was injured *while walking down the aisle* of the car while it was in motion, or by reason of this walking; for all the testimony shows that she was standing at the back of the car at the time she lost her balance and fell.

The trial court refused also the following charge, requested in writing by the defendant: "If, after a full and careful consideration of all the evidence, any individual juror is not reasonably satisfied from the evidence that plaintiff was negligently or wantonly or willfully injured, then you cannot find for the plaintiff." If the question were before us for the first time, the writer would be much inclined to approve the dissenting views of Denson, J. (concurred in by Weakley, C. J.), in the case of *B. R. L. & P. Co. v. Moore,* 148 Ala.

115, 131, 42 South. 1024, where a substantially similar charge was held to have been improperly refused; but this identical charge has been recently approved, and we adhere to that ruling.—*B. R., L. & P. Co. Co. v. Humphries*, 171 Ala. 291, 54 South. 613, where the cases are cited and discussed. It is to be observed, however, (1) that this charge in terms submits to the jury, not only the issue of defendant's simple negligence, but also the issues of *willful and wanton* injury; (2) that there was never any complaint of willful injury; and (3) that the counts for wanton negligence were eliminated from consideration by the following language in the oral charge of the court: "At the request of the defendant, in writing, I charge out these [wanton] counts, they are not before you for consideration; only the counts that charge simple negligence on the part of defendant are up for consideration." Then proceeds the record, "At the conclusion of the oral charge of the court, the defendant requested the court, separately and severally, in writing, to give the jury each of the following charges," among others, the charge in question. It is thus apparent that the trial court could not have given this charge as to the issues of willful and wanton injury without self-contradiction, and, indeed, self-stultification, superinduced by defendant. And it seems clear that the trial court cannot be put in error for refusing the charge as framed.

The trial court overruled defendant's objections to the following statements made by plaintiff's counsel in his closing argument to the jury: (1) "Millions of nickels and dimes go into the coffers of the company and to the stockholders." (2) "We give them valuable franchises." (3) "Why didn't they put on their corps of men that hang around the court?" It is earnestly argued that permitting these statements to go to the jury

was reversible error; and that by reason of their prejudicial character they presumptively influenced the verdict adversely to defendant in such degree as to entitle defendant to a new trial, for which it duly but unsuccessfully moved.

In *Cross v. State*, 68 Ala. 476, 484, Judge Stone, speaking the conclusions of this court as to reversal on error for improper statements by counsel in argument, said: "There must be objection in the court below, the objection overruled, and an exception reserved. The statement must be made as *of fact;* the fact stated must be unsupported by any evidence, (and) must be pertinent to the issue, or its natural tendency must be to influence the finding of the jury."

The first two statements are not arguments, but statements of fact, pure and simple. They find no support whatever in the evidence; nor are they in the slightest degree relevant to any issue that was before the jury. Have these statements a natural tendency to influence the finding of the jury?

We have given due consideration to this question, and cannot escape the conviction that they distinctly have such a tendency. They presented to the jury a consideration of the wealth, revenues, and advantages enjoyed by the defendant corporation, and must have carried the sinister suggestion that those matters were to be considered by the jury in determining, either the fact of defendant's responsibility, or the amount of the penalty it ought to pay. For it is to be borne in mind that the trial judge, by his refusal to exclude these statements when objected to, in effect informed the jury that they were proper matters for their consideration. It may be conceded that they are matters which most intelligent men would know about anyway; but it is to be presumed that jurors would not violate their oaths by resort-

ing to private knowledge of immaterial facts, while it can hardly be doubted but that they would consider and use them, when presented to them by counsel and stamped with the approval of the court. And, indeed, it is but just to say that, unless the facts stated were intended to influence the jury, and were deemed capable of doing so, they would hardly have been presented by plaintiff's counsel.

It is true that the trial judge, in his oral charge, afterwards said to jury: "It is immaterial whether the stockholders get the nickels or not, or whether the bondholders, or it is not material where they go to; the material inquiry in this case is whether or not the plaintiff is entitled to recover." But this clearly falls very far short of removing from the jury's consideration, especially on the question of the amount of damages, the obnoxious fact that the defendant corporation was getting millions of nickels and dimes; and it does not withdraw the fact that it was enjoying valuable franchises.

We do not overlook the principles declared in *Cross v. State, supra,* and other later cases, emphasizing the impolicy of interfering with counsel in framing his arguments, in drawing and stating his inferences, and in using his illustrations, except in cases of flagrant and clearly prejudicial abuse. But when counsel leaves the field or argument, inferences, and illustration, and states to the jury, *as independent facts,* matters that are not in evidence at all, a different rule is applicable; and courts cannot hesitate to interfere whenever necessary to prevent such an abuse of the proper functions of counsel in argument. This subject has been considered and the authorities reviewed by us in the recent case of *B. R., L. & P. Co. v. Drennen,* 175 Ala. 338, 57 South. 876, to which we here refer. See, also, *L. & N. R. R. Co. v. Holland,* 173 Ala. 675, 55 South. 1001, 1007.

[Birmingham Railway, Light & Power Co. v. Gonzalez.]

We think the trial court erred in refusing to exclude the statements in question, and for this error the judgment must be reversed and the cause remanded for another trial.

Reversed and remanded.   All the Justices concur.

### ON REHEARING.

On the original hearing the judgment was reversed on a single point, viz., the overruling of defendant's objections to certain statements made by plaintiff's counsel in his closing argument to the jury.   That question was argued by both sides on its merits, and was so treated by this court.   Our attention is now called to the recitals of the record with respect to the objections in question, and it is insisted that no reversible error is shown.

The recitals referred to are as follows:  "During the closing argument of counsel for plaintiff to the jury, the defendant objected, separately and severally, to the following statements of counsel in his argument to the jury:  'Millions of nickels and dimes go into the coffers of the company and to the stockholders.'  'Why didn't they put on their corps of men that hang around court?'  'Not knowing where she would get her meals, except through charity.'  'Somebody took the names of the witnesses.'  'We give them valuable franchises.'  The court overruled the objections separately and severally, to which action of the court in overruling the same the defendant duly excepted."

The fifth of the quoted statements is supported by the testimony of defendant's witness Crabtree; and we are unable to say that the second and third statements, as presented, were either improper as arguments, or capable of prejudicing the jury against defendant.   While

the objections were made to these statements separate-
ly and severally, and were overruled separately and sev-
erally the *exception* was taken to all of these rulings col-
lectively. A single exception to a series of rulings is
unavailing, if any one of them is correct.—*Alston v.
State,* 109 Ala. 54, 20 South. 81; *Smith v. State,* 130
Ala. 95, 30 South. 432; 8 Ency. Pl. & Prac. 167. We
think the exception here shown is not sufficient to en-
title appellant to a separate consideration of each rul-
ing; and, some of them being free from error, the ex-
ception cannot be sustained.

Although the record shows that the objections were
separately made to each statement *during the closing
argument,* it does not show that they were called to the
court's attention at the time each statement was made.
This may well have been done under this recital an
hour or more after the objectionable statements were
made by counsel, and doubtful recitals must be constru-
ed most strongly against the exceptor.—*Dickens v.
State,* 142 Ala. 51, 39 South. 14, 110 Am. St. Rep. 17.
To put the trial court in error, it should, in general, be
made to appear that its ruling was appropriately invok-
ed promptly upon the utterance of the supposedly im-
proper remarks.—*Birmingham Nat. Bank v. Bradley,*
108 Ala. 208, 209, 19 South. 791; *B. R. L. & P. Co. v.
Morris,* 163 Ala. 190, 209, 50 South. 198; 1 Brickwood's
Sackett, Instructions, § 244; 2 Ency. Pl. & Pr. p. 752;
1 Thompson on Trials, § 957; *Whaley v. Vannatta,* 77
Ark. 238, 91 S. W. 191, 7 Ann. Cas. 230, and note. In
this respect the record is deficient.

It appears from the record that defendant merely *ob-
jected* to the quoted statements, without invoking any
action of the court thereon. Had the objection been sus-
tained, without any exclusion of them by the court, and
without any instruction to the jury to disregard them,

these statements would have remained before the jury, and their possibly evil influence would have remained substantially uncorrected. The effect of our decisions is that a mere objection to already spoken words does not reach the evil aimed at, and that the court must be appealed to to exclude them from the consideration of the jury, failing which there is nothing presented for review by an exception.—*K. C., etc., R. R. Co. v. Webb,* 97 Ala. 157, 163, 11 South. 888; *Cutcliff v. B. R. L. & P. Co.,* 148 Ala. 108, 41 South. 873; *B. R., L. & P. Co. v. Drennen,* 175 Ala. 338, 57 South. 876, 886. This rule, it may be, does not logically apply to an objection to *the continuation* of an improper line of argument, as to which the error and the injury might, perhaps, be imputed to its overruling alone. But this we do not decide. See *Sullivan v. State,* 66 Ala. 50.

Where the objectionable statements are objectionable only because they are of matters of fact that are not in evidence, it is both just and reasonable to require the objection to so state to the court, and thus aid it to that extent in the decision of the question raised. There was no such suggestion here made to the court.

For the reasons above set forth, we feel impelled to hold that the bill of exceptions fails to show error on the part of the trial court in the particular complained of, or, indeed, that its action was invoked in the premises.

There was, however, a motion for new trial, and the making of each of the five quoted statements by plaintiff's counsel is separately assigned as a ground therefor. When the question is thus presented, without appropriate objection and appeal to the trial court for corrective action at the time the remarks were made, the test for favorable action, and specially for revisory action, is, not whether the remarks have merely a natural

tendency to unfairly prejudice the other party's case, but whether they are "grossly improper and highly prejudicial."—*L. & N. R. Co. v. Sullivan Timber Co.*, 126 Ala. 95, 27 South. 760. "The rule [requiring an appeal to the court for corrective action] is subject to the exception stated in the reported case that, if the improper remarks are of such a character that neither rebuke nor retraction can entirely destroy their sinister influence, a new trial should be promptly awarded, regardless of the want of a proper objection or exception."—*Whaley v. Vannatta*, 7 Ann. Cas. 231, editorial note. Of this character are the cases of *Florence, etc., Co. v. Field*, 104 Ala. 471, 480, 16 South. 538, 540, and *B. R., L. & P. Co. v. Drennen, supra.*

Upon a very full consideration of the two statements heretofore pointed out as improper, we cannot say, from the dim light afforded by the record, that they were, as made, either *grossly* improper or *highly* prejudicial. Each case of this character must be decided upon its own merits. There is no horizontal rule by which these qualities can be ascertained in all cases. Much will depend upon the issues, the parties, and the general atmosphere of the particular case. The final test is: Can the prejudicial tendency or effect of the improper statement be counteracted by an appropriate instruction from the trial judge, or is it probably beyond the reach of such remedial action?

We do not think the prejudice that might have resulted from the quoted statements was by any means incurable; and we are therefore not willing to reverse the action of the trial court in refusing to set aside the verdict for this cause, especially as the evidence was amply sufficient to justify a verdict for the plaintiff, and the amount awarded cannot be regarded as excessive, in view of the evidence of her injuries.

The opinion of Stone, J., in *Wolff v. Minnis*, 74 Ala. 386, 389, cited in the dissenting opinion of Justice MAYFIELD, is authority for the proposition that the prompt and emphatic disapproval of the improper statements of counsel by the court itself may suffice to "avert the probable mischief." And, where it would in all probability do so, it is but just and proper, and, indeed, in accord with the general principles of trial practice, that it should be promptly invoked by the party complaining.

It is to be noted, also, that the grounds assigned for a new trial are merely that these several remarks were made to the jury. This does not charge that any of these remarks affected the jury in the production of a verdict unfavorable to the defendant, or excessive in amount. These assignments are therefore not sufficient to raise those questions.

We do not wish to be misunderstood as to our attitude toward some of these remarks, and, in general, toward all such improprieties in argument. The remarks of plaintiff's counsel in regard to the defendant's revenues and franchises ought not to have been made to the jury; and, had the action of the court been promptly and properly invoked, its refusal to instruct the jury to disregard them would have worked a reversal of the judgment.

It results that the judgment of reversal must be set aside, and a judgment of affirmance entered.

Rehearing granted, and judgment affirmed.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur. ANDERSON, MAYFIELD, and DE GRAFFENRIED, JJ., dissent.

MAYFIELD, J.—(dissenting).—I cannot subscribe to the doctrine announced in the majority opinion in

[Birmingham Railway, Light & Power Co. v. Gonzalez.]

this case on the application for a rehearing. The original opinion was correct, and should have been adhered to.

The opinion of my Brother SOMERVILLE on this application, I fear, takes a step in the wrong direction, and I cannot follow. To me it seems to encourage transgression of the law, and to reward the laws offender at the expense of him who is offended against. Brother SOMERVILLE'S opinion, in my judgment, says to the advocate, in effect, though not in words: "Use any argument not *grossly* improper or *highly* prejudicial, if by it you may obtain a verdict in favor of your client; for, perchance, under the rules announced by the court, the other party may not be able to object and except at the right time, or in the right manner, and your verdict, however procured, will be good and valid." Of course, I know that Brother SOMERVILLE and those who agree with him do not think this is the effect of the decision. They are as free from any will or desire to produce such a result as I am. Their error is in failing to perceive the effect of what they have said and decided.

The opinion, as I read it, concedes that the argument in question was improper, and calculated to prejudice the party against whom it was used. The record conclusively shows that it was effective; that is that the verdict was what the argument tended to produce. So there is no ground upon which "error without injury" can stand; yet the court in effect says to the plaintiff: "You did wrong, and profited by it; but you did it so artfully and gently that the one whom you wronged was not able to so make or formulate his objections and exceptions as to prevent you from profiting by it; so we say to you: 'Go on; do it again; but don't get caught.'" This, I think, is shown by the part of the opinion of Brother SOMERVILLE after stating the remarks of coun-

sel, to which he refers. He says: "They presented to the jury a consideration of the wealth, revenue, and advantages enjoyed by the defendant corporation, and must have carried the sinister suggestion that those matters were to be considered by the jury in determining, either the fact of defendants responsibility, or the amount of the penalty it ought to pay. * * * And, indeed, it is but just to say that, unless the facts stated were intended to influence the jury, and were deemed capable of doing so, they would hardly have been presented by plaintiffs counsel."

To these remarks of counsel, the counsel for the defendant corporation objected, and when the trial court overruled the objection the objecting party excepted. The trial, of course, resulted in a verdict and judgment for the plaintiff, just as the court says was intended by counsel in using the improper arguments. By the aid of the trial court he scored against the defendant by this argument, when he might not have been able to do so without it. Counsel for defendant, still objecting, and still insisting upon the trial court's correcting the error, moved the court for a new trial, on the ground that the verdict was obtained by this concededly improper argument. The trial court adheres to his former erroneous ruling, and overrules the motion and allows the ill-gotten verdict to stand. And this court says to the offending party: "Profit by your own wrong, because the party offended against was not able to prevent the trial court from aiding and allowing you to so profit; and he did not so formulate and time his objections and protests as that we can correct the error; so go on and do it again, and the chances are, if the trial court does not stop you, we cannot, unless "grossly improper and highly prejudicial.'"

The effect of this decision, in my humble judgment, is to say that this court should affirm errors, if it can, and should correct them only when it is impossible to affirm. I do not believe this to be the proper function or office of an appellate court. I rather agree with the Missouri court that "an appellate court is a court for the correction of errors—its own as well as others."— *Mangold v. Bacon*, 237 Mo. 516, 141 S. W. 655. The Docket, December, 1912, p. 849.

Technical rules to prevent wrong and injustice are authorized, and are to be commended; but to allow them to work a wrong or injustice is a bad practice, which will destroy the usefulness of appellate courts.

I am aware, of course, that the majority do not think they are affirming this case on technical grounds, nor that they are aiding injustice or wrong in the decision; but to my mind this is the effect of the ruling, and for these reasons I cannot agree to the decision. The grave error, according to my view, into which the majority have fallen is foreshadowed in the part of Brother SOMERVILLE'S opinion which, after stating, in effect, that the remarks were improper and tended, and "were intended," to influence the jury, "and were deemed capable of doing so," concludes as follows: "Upon a very full consideration of the two statements heretofore pointed out as improper, we cannot say, from the dim light afforded by the record, that they were, as made, either *grossly* improper or *highly* prejudicial." In other words, the court decline to correct the error, because they cannot say it was *"grossly* improper" or *"highly* prejudicial."

I do not think the law in this state has ever before been announced to be that, in order for the error of a trial court to be corrected on appeal, it must be affirmatively shown by the party injured that the error was

"*grossly* improper" or "*highly* prejudicial." There may be dicta to support such a conclusion; but I am sure that there are not, and ought not to be, any decisions to such effect. The rule of law in this state is now, and has ever been, that all the appellant is required to show is error on the part of the trial court. When he shows this, the law presumes injury, without inquiry whether the error was "*grossly* improper" or "*highly* prejudicial." If, however, the record affirmatively shows that there was no injury, then, of course, the appellate court will not reverse; but, unless this is affirmatively shown, the court must reverse, or the court fails to do its duty —to perform the only function for which it was created, and which affords the only excuse for its existence.

This rule of appellate procedure has been well stated by McClellan, J., in *Maxwell's Case,* 89 Ala. 164, 7 South. 828, the decision in which case has been frequently quoted and readopted by this court; and the statutes and the published rules of this court have been readopted with this known construction placed upon them. In that case the error complained of was in the admission of evidence. Justice McClellan said: "It may be—indeed, it is highly probable—that the evidence did not prejudice the defendant. Nay, further, we are utterly unable to see that it did or could have worked him injury. But, on the other hand, we *cannot affirmatively see that it did not injure him;* and we do not feel that safety and certainty, which the rule, even in civil cases, requires to rebut the presumption of injury from error, that no harm was done which would warrant us in holding this error to have been without prejudice." (The italics above are his, not ours.)

I know that the language of Brother SOMERVILLE, quoted above, was intended to refer to the remarks of counsel for plaintiff, and not to the action of the trial

[Birmingham Railway, Light & Power Co. v. Gonzalez.]

court; but the error of the court in declining to stop
such remarks, and in thus approving them, can stand
in no better, if in as good, light as do the remarks of
counsel.　Appellate courts do not and cannot review
the actions of litigants or their attorneys in nisi prius
courts; they can only review actions of the trial court.

The trial court was repeatedly called upon to check
or prevent this improper argument, and declined re-
peatedly so to do, thus, in effect, saying to the jury and
the litigants, "This is proper argument." The defend-
ant's counsel not only repeatedly objected to the argu-
ment, and excepted to the ruling and action of the court
during the argument, but after this, and after the ver-
dict was procured and was such a one as this argument
was calculated to produce, the defendant again moved
the court to right its former wrong and error by setting
aside the verdict so obtained and awarding a new trial,
and the court declined to correct its error, or to attempt
to relieve against it; and on appeal this court declines
to reverse, notwithstanding it is conceded that numer-
ous errors are shown, for the reason, as the court says:
"Upon a very full consideration of the two statements
heretofore pointed out as improper, we cannot say, from
the dim light afforded by the record, that they were, as
made, either *grossly* improper or *highly* prejudicial."
In my opinion, this is a new departure from a long line
of cases in this court which are cited and reviewed in
the case of *B. R., L. & P. Co. v. Drennen, supra.*

In *Drennen's Case* the trial court sustained the de-
fendant's objection to the remarks of plaintiff's counsel,
and nothing further was then requested by counsel; and
hence there was nothing to review as to the action of
the court on the main trial, because the only ruling or
action of the court in the matter was in favor of the
defendant; but the defendant assigned this remark of

counsel as a ground for a new trial, and the trial court overruled the motion, and we held it was error, and reversed the case.

Here the counsel for the same defendant objected several times, and the court overruled his objection, and the defendant excepted. Here there is an action of the court to review as to the main trial, and one which, this court says, in effect, was an erroneous action; but it declines to reverse. The defendant then, in this case, moved the court to grant a new trial on the ground of this improper and prejudicial argument of counsel, which the court had repeatedly declined to check, and in effect approved, for the consideration of the jury. The trial court again erred and refused to do its duty; and this court declines to correct the error, because, as is said, from the dim light afforded by the record, the court cannot say that the remarks were *"grossly* improper and *highly* prejudicial."

In the case of *Wolffe v. Minnis,* 74 Ala. 386, the remarks of counsel were nothing like as objectionable as in the present case, and when objected to counsel making the remarks said: "Oh, well, I'll take it back." The defendant's counsel said to the court, "The defendant insists on his objection." The court said nothing; did not withdraw said remarks from the jury, nor instruct them not to consider the same, and did not take any action in reference thereto; and the defendant excepted thereto. The defendant did not expressly ask the court to instruct the jury not to consider the same, and did not expressly ask the court to take any action in reference thereto; yet, notwithstanding the defendant's counsel did not ask the court to take any action, the court considered it reversible error, and that it was properly raised by a mere objection and exception. The court, speaking through Stone, J., in that case said: "We

think the language complained of in this case should not have been indulged; and coming as it did from able, eminent counsel, it was well calculated to exert an improper influence on the minds of the jurors. The court might, and probably should, have arrested it ex mero motu. It is one of the highest judicial functions to see the law impartially administered, and to prevent, as far as possible, all improper, extraneous influences from finding their way into the jury box. And when opposing counsel objected to the improper language employed, and called the attention of the court to it, it was not enough that offending counsel replied: 'Oh, well, I'll take it back.' Such remark cannot efface the impression. The court should have instructed the jury, in clear terms, that such remarks were not legitimate argument; and that they should not consider anything thus said in their deliberations. Nothing short of a prompt, emphatic disapproval of such line of argument, and that from the court itself, can avert the probable mischief.—*Sullivan v. State,* 66 Ala. 48; *Cross v. State,* 68 Ala. 476."

The other cases are reviewed in *Drennen's Case, supra.*

The Texas and Georgia courts have, in my judgment, stated the true and correct rules of practice in such cases. They have said:

"The rules for the government of the district court prescribe that 'counsel shall be required to confine the argument strictly to the evidence and to the argument of opposing counsel;' and that 'the court will not be required to wait for objections to be made when the rules as to arguments are violated, but, should they not be noticed and corrected by the court, opposing counsel may ask leave of the court to rise and present his point of objection.'—Rules 39 and 41 (142 S. W. xx)

"It is further provided (rule 121) that any supposed violation of the rules to the prejudice of a party may be reserved by bill of exceptions, presented as a ground for a new trial, and assigned as error by the party who may have conceived himself aggrieved by such supposed violation."—*Willis v. McNeill*, 57 Tex. 474, 475.

"In announcing as a rule of practice that which was subsequently incorporated into the present rules of court, above quoted, it is said by the late learned Chief Justice of this court, in *Thompson v. State*, that 'zeal in behalf of their clients, or desire for success, should never induce counsel in civil cases, much less those representing the state in criminal cases, to permit themselves to endeavor to obtain a verdict by arguments based upon other than the facts in the case and the conclusions legitimately deducible from the law applicable to them.' It is further said that such practice is of sufficiently grave importance and so highly objectionable as to require the decided condemnation of the court.— 43 Tex. 274.

"Whether counsel, under such circumstances, remain silent or object may be alike prejudicial to his cause. Silence may be construed into acquiescence; objection may call forth a damaging repartee."—*Willis v. McNeill, supra*.

"Nor ought the presiding judge to wait until he is called on to interpose. For it is usually better to trust to the discrimination of the jury as to what is and what is not in evidence than for the opposite counsel to move in the matter. For what practitioner has not regretted his untoward interference, when the counsel, thus interrupted, resumes: 'Yes, gentlemen, I have touched a tender spot; the galled jade will wince; you see where the shoe pinches.' "—*Berry v. State*, 10 Ga. 522.

[Birmingham Railway, Light & Power Co. v. Gonzalez.]

Such, I submit, is practically the rule that has always prevailed in this court. *See Florence v. Field,* 104 Ala. 471, 16 South. 538, where it is said: "On objection raised by defendant's counsel, the court said the objection was sustained, and stated to counsel making the remark that it was improper; whereupon the said counsel remarked: 'Well, I withdraw the remark.' There was no exception reserved by defendant to this remark of counsel, nor to the action of the court upon it. Nor is it made the basis of a motion for a new trial. It is, however, assigned as error. We have referred to it to state that the remark was calculated to seriously prejudice and injure the defendant with the jury. The action of the court in excluding it was very mild, and not a sufficient antidote to the poison that had been injected into the minds of the jury by the use of such language. Verdicts ought not to be won by such methods; and when an attorney, in the heat of debate, goes to such extraordinary lengths, generally the court should promptly set aside any verdict that may be rendered for his client. The repressive powers of a court to prevent such departures from legitimate argument of a cause before a jury should be vigorously applied. No mere statement that it is out of order or improper can meet the exigencies of the cases. Nothing short of such action on the part of the court and a clear satisfaction, that the prejudice naturally excited by the use of such language had been removed from the minds of the jury ought ever to rescue a case from a new trial on motion of the party against whom rendered."