1 So.2d 294

**NAUGHER v. STATE.**

6 Div. 621.

Supreme Court of Alabama.

March 27, 1941.

1 So.2d 310

**PORTER v. STATE.**

6 Div. 828.

Supreme Court of Alabama.

March 27, 1941.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, III, Asst. Atty. Gen., for the State.

Beddow, Ray & Jones, of Birmingham, for appellant.

LIVINGSTON, Justice.

The defendant was indicted, tried and convicted of murder in the first degree for killing Dennis Burrow on the afternoon of December 2d, 1938, in the Greyhound Bus Station located in the city of Birmingham, Jefferson County, Alabama. The killing took place in the presence of the defendant's wife and many others. Defendant did not deny that he killed Burrow, who was shot four times with a pistol and died shortly thereafter.

Defendant filed two pleas to the indictment: "not guilty" and "not guilty by reason of insanity." In support of his plea of insanity, he introduced evidence tending to show that Burrow and he had been friends since boyhood; that they grew up together in the same neighborhood, and that defendant's step-mother was an aunt of the deceased. That defendant moved to Birmingham in 1925, and deceased was living in Anniston, Alabama; that deceased came to Birmingham occasionally, and sometimes stayed at a rooming house with defendant. Defendant and Ruth Hassell were married on July 14, 1932. It further appears from

the evidence that defendant had not seen the deceased from 1932 until about the middle of August 1938, when deceased came to Birmingham, and called defendant at his home and asked him to meet deceased down town, which defendant did, later carrying deceased to his home; that deceased was out of work, and stayed at defendant's home until sometime in October, paying no board, and defendant gave him small amounts of money for cigarettes, etc. Defendant became suspicious that the relations between deceased and his wife were improper, and in October he requested deceased to leave his home, which deceased did. Shortly thereafter defendant's wife left him and refused to return, and began proceedings for divorce. That on the day defendant killed deceased, he (defendant) was served with a summons in the divorce proceedings filed by his wife; and on that day he had followed his wife to the bus station, and found her in the presence of deceased. Defendant had been told by others that his wife and Burrow were going together, drinking together, and had spent the night together.

The evidence for the State tended to show that defendant shot deceased without any warning whatever, as deceased sat in the bus station waiting for a bus. That defendant's wife left him on account of cruelty, that he beat, choked and cursed her. Defendant had been previously married, having procured a divorce in May, 1932, in the state of Arkansas. His first wife and their four children were living.

■ The trial court did not commit reversible error in declining to enter a mistrial on account of the solicitor's remark in the presence of the jury that, "Mr. Hugh Merrill, who is speaker of the House of Representatives and is an attorney living in Anniston, does not appear as a prosecutor to represent the State, but he asked permission to sit at the table as an attorney and as a friend of the family, so he expects, as I understand it, to take no part in the prosecution, but just to be present." This statement was made in response to questions of defense counsel to prospective jurors on their voir dire; and the statement of the trial judge to the jury that the "official capacity" of Mr. Merrill should not influence them at all in the case, was, in our opinion, sufficient to eradicate any harmful influence of its impropriety.

■ Nor do we find reversible error in the trial court's rulings and instructions to witness Ruth Hassell Naugher, ex-wife of defendant, relative to her right to testify for or against her ex-husband. She plainly elected to testify against the defendant. Section 5639, Code of 1923.

■ This Court has repeatedly held that the issue of insanity gives much latitude to the defendant and to the State to introduce evidence of defendant's acts, declarations and conduct prior and subsequent to the alleged crime. Anderson v. State, 209 Ala. 36, 95 So. 171; Birchfield v. State, 217 Ala. 225, 115 So. 297; Deloney v. State, 225 Ala. 65, 142 So. 432; Cawley v. State, 133 Ala. 128, 32 So. 227; McLean v. State, 16 Ala. 672; George v. State, 240 Ala. 632, 200 So. 602.

■ Defense counsel reserved many exceptions to rulings by the trial court on questions of evidence falling within the influence of the foregoing rule. It was not error for the State's witness Ruth Hassell Naugher to testify as to what defendant said to her on the day of the homicide relative to her divorce paper. Nor did the trial court err in permitting the State to introduce evidence tending to prove that the defendant had been married prior to his marriage to Ruth Hassell Naugher, and that he had four children by the former marriage; and had secured a divorce from his first wife in Arkansas; that he filed suit in Jefferson County, Alabama, seeking a divorce from his first wife, and made affidavit that she was a nonresident, knowing that she was living in Anniston, Alabama, which suit he later dismissed. Under the liberal rules prevailing in this State, as above stated, this line of testimony was admissible.

■ We have carefully examined the questions, objections and rulings of the trial court in the cross-examinations of defendant relative to his relations with one Jessie Webb of Piedmont, Alabama, together with a letter alleged to have been written to defendant by the said Jessie Webb, but it would serve no good purpose to discuss them in detail. Suffice it to say, we find no reversible error in them.

■■ In a homicide case under a plea of insanity, the recent illicit relations between the defendant's wife and the deceased are matters of legitimate inquiry under proper conditions. However, where the wife is the first witness for the State against the husband, she cannot on cross-examination be interrogated concerning such matters, in the absence of some proof of the insanity of the defendant, such matters tend-

ing to prove the cause of insanity rather than insanity itself. Too, the fact that her answers would probably tend to incriminate her is sufficient reason for sustaining the State's objection to the questions. Ex parte Boscowitz, 84 Ala. 463, 4 So. 279, 5 Am.St. Rep. 384; Story v. State, 160 Ala. 100, 49 So. 753; Vacalis v. State, 17 Ala.App. 521, 86 So. 89; Wilkes v. State, 215 Ala. 428, 110 So. 908; Manning v. State, 217 Ala. 357, 116 So. 360.

The bill of exceptions recites "During the closing argument of solicitor Bailes, he made the following statements in substance: 'He is on his way to the electric chair.' * * * 'Mr. and Mrs. Pow were running an assignation house.' Counsel for defendant objected to these statements and moved that they be excluded. The court overruled the objection and motion, to which action of the court the defendant then and there duly and legally reserved an exception."

 The procedure for presenting matters of this kind to an appellate court for review is aptly stated in Birmingham Ry., Lt. & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, 84, Ann.Cas.1916A, 543, where it is said: "While the objections were made to these statements separately and severally, and were overruled separately and severally the exception was taken to all of these rulings collectively. A single exception to a series of rulings is unavailing, if any one of them is correct. Alston v. State, 109 Ala. [51] 54, 20 So. 81; Smith v. State, 130 Ala. 95, 30 So. 432; 8 Ency.Pl. & Prac. 167. We think the exception here shown is not sufficient to entitle appellant to a separate consideration of each ruling; and, some of them being free from error, the exception cannot be sustained." Further, the Court said: "Although the record shows that the objections were separately made to each statement during the closing argument, it does not show that they were called to the court's attention at the time each statement was made. This may well have been done under this recital an hour or more after the objectionable statements were made by counsel, and doubtful recitals must be construed most strongly against the exceptor. Dickens v. State, 142 Ala. [49] 51, 39 So. 14, 110 Am.St.Rep. 17. To put the trial court in error, it should, in general, be made to ap-

pear that its ruling was appropriately invoked promptly upon the utterance of the supposedly improper remarks. Birmingham Nat. Bank v. Bradley, 108 Ala. [205] 208, 209, 19 So. 791; Birmingham R., L. & P. Co. v. Morris, 163 Ala. 190, 209, 50 So. 198; 1 Brickwood's Sackett, Instructions, § 244; 2 Ency.Pl. & Pr. p. 752; 1 Thompson on Trials, § 957; Whaley v. Vannatta, 77 Ark. 238, 91 S.W. 191, 7 Ann.Cas. [228] 230, and note. In this respect the record is deficient. * * * Where the objectionable statements are objectionable only because they are of matters of fact that are not in evidence, it is both just and reasonable to require the objection to so state to the court, and thus aid it to that extent in the decision of the question raised. There was no such suggestion here made to the court." The same principles were reaffirmed in the case of King v. State, 17 Ala. App. 536, 87 So. 701, certiorari denied 205 Ala. 11, 87 So. 703.

 We feel impelled to hold that the bill of exceptions in the instant case fails to show error on the part of the trial court in the particular here complained of. We also observe that the statements of counsel here mentioned were not included in appellant's motion for a new trial.

 Other alleged illegal statements of solicitors for the State, not set forth in the bill of exceptions, were made the bases for appellant's motion for a new trial. It is sufficient to state, however, that no evidence whatever was offered in support of the motion for a new trial, and the trial court's action in overruling this ground was without error.

 We have carefully examined the written charges refused to the defendant, and find no error. All of these charges were either covered by the court's oral charge and written charges given at the instance of the defendant or were erroneous.

We find no reversible error in the record, and the judgment of the lower court will accordingly be here affirmed.

Affirmed.

GARDNER, C. J., BOULDIN, and FOSTER, JJ., concur.