60 So.2d 860

**MAYO v. STATE.**

**4 Div. 213.**

Court of Appeals of Alabama.

Oct. 7, 1952.

------◆------

Albert L. Patterson, Phenix City, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of having escaped from lawful custody, under Title 14, Sec. 156, Code of 1940. As punishment for said offense the jury assessed a fine of five hundred dollars and the court imposed, as additional punishment, six months hard labor for the county.

The demurrer to the indictment was properly overruled. The signature of the Solicitor to an indictment is proper, but is not essential to its validity. Ala. Digest, Indictment and Information, ⬥33(1), and cases cited.

The testimony for the State tended to show that on June 6, 1951, appellant was arrested by the Sheriff of Houston County under a warrant charging the offense of burglary in the second degree, and, failing to make bond, appellant was placed in the county jail to await the action of the grand jury.

Appellant was incarcerated, with two other prisoners, in an upstairs cell. Around 3:00 P. M. of July 20, 1951, deputy sheriff Eck Granger went upstairs for the purpose of transferring some prisoners from one cell to another. He was accompanied by Eddie Erwin, a "trusty" prisoner, who acted as "turnkey" at the jail. When the door to appellant's cell was opened by the trusty, appellant stepped forward with the ostensible purpose of handing the deputy sheriff some money to deliver to defendant's attorney. When Mr. Granger reached for the money appellant drew a pistol. He then forced the deputy sheriff into the cell and ordered the trusty to tie up the officer. Appellant took the keys and fled. He was apprehended at Macon, Georgia, on August 5, 1951.

Defendant's testimony was to the effect that he had a prearrangement with Mr. Granger, whereby he had given the deputy sheriff $150 to get him a pistol. Under this agreement defendant was to escape while Mr. Granger was on vacation and Mr. Stevens was working in his place. The day Granger returned from his vacation he asked defendant why he was still there and defendant told him he had not had an opportunity to escape. Defendant paid the deputy $25 and at a signal from Granger that no one was in the sheriff's office, defendant made his escape.

Mr. Granger denied the truth of the statements made against him by defendant.

The testimony was sufficient to go to the jury, and if believed by the jury beyond a reasonable doubt, was sufficient to sustain the conviction. Defendant was not entitled to the general affirmative charge, and the motion for a new trial, on the ground the verdict was contrary to the preponderance of the evidence, was overruled without error.

The court properly overruled the motion for a new trial on the ground that defendant did not have an opportunity to consult with his attorney in the preparation of his case for trial, except in the presence of a deputy sheriff.

Defendant offered no proof in support of the motion. Naugher v. State, 241 Ala. 91, 1 So.2d 294; Walters v. State, 30 Ala. App. 547, 9 So.2d 32.

There being no error in the record the judgment of the circuit court is affirmed.

Affirmed.