OLIVER *v.* STATE.

Opinion delivered October 4, 1915.

1. EVIDENCE—OBJECT—IDENTIFICATION.—In a criminal prosecution for robbery it is error to admit in evidence, a knife alleged to have been taken by defendant, when it was not identified by any witness.

2. TRIAL—SUMMONING JURORS—DISCRETION OF COURT—DISCHARGE OF
   SHERIFF.—Under Kirby's Digest, § 2350, the court has a discretion
   as to when it will appoint some one other than the sheriff to sum-
   mon veniremen.

Appeal from Calhoun Circuit Court; *Charles W.
Smith,* Judge; reversed.

*Lamar Smead* and *H. S. Powell,* for appellant.

1.   Upon the showing made by the appellant that
the sheriff was a prosecutor of and prejudiced against
the appellant, and was giving all the aid and assistance
within his power to the prosecution in an effort to secure
his conviction, his motion alleging these facts being duly
sworn to by him, said motion to discharge the venire and
said sheriff and to appoint a special sheriff ought to have
been sustained. Kirby's Digest, § 2350; 91 Ark. 581.

2.   It was prejudicial error to permit the State to
introduce the pocket knife sent to the witness, Parker,
through the mail by the sheriff at De Queen, without first
having the knife identified as having been taken from D.
R. Speer's store, and from the person of the defendant.

3.   There was no corroboration of the testimony of
Bruce Harper, tending to connect the defendant with the
commission of the crime. Kirby's Digest, § 2384.

*Wallace Davis,* Attorney General, and *Jno. P.
Streepey,* Assistant, for appellee.

1.   There was no abuse of discretion in refusing to
discharge the jury and appoint a special sheriff. Appel-
lant's verification of the motion without other supporting
evidence did not cast upon the State the burden of dis-
proving the charges therein. The court had the right to
take into consideration appellant's interest, in the result,
and to require a further showing than his mere verifica-
tion of the motion. Moreover, the record shows that he
did not exhaust his peremptory challenges. 50 Ark. 492-
495; 91 Ark. 582-585; *Id.* 576-581; 97 Ark. 131-133.

2.   We think that the knife produced by the witness
Parker was sufficiently identified. This witness stated
that the sheriff at De Queen had told him in appellant's
presence that he had taken the knife from appellant's per-

son, and promised to send it to him by mail, and that pursuant to such promise he did receive this knife by mail from said sheriff.

3. The testimony of Harper, the accomplice, is sufficiently corroborated by circumstances in evidence which, standing alone, might not be sufficient to convict, but which do corroborate the confession of Harper as to appellant's complicity in the crime.

Finding part of the stolen goods at the place where he stated they had been concealed was a corroboration of his confession. 34 Cyc. 525, note 81; 109 Ark. 384.

McCulloch, C. J. Appellant was convicted under an indictment charging him with the crime of burglary by entering the store house of one D. R. Speer in the town of Tinsman, in Calhoun County. The evidence tends to show that the crime was committed jointly by appellant and Bruce Harper and Albert Earnest. Harper confessed and entered a plea of guilty, and the State relies upon his testimony mainly for the conviction of the other two parties accused of complicity in the crime. Earnest was convicted and on his appeal we reversed the judgment on the ground that the testimony of the accomplice, Harper, was not corroborated by other testimony.

(1) The indictment charges that appellant and the other persons accused entered the store house of Speer for the purpose of committing the crime of grand larceny, and that they did steal and carry away three coats, six pairs of trousers, and certain bolts of calico. The testimony adduced by the State also tends to show that in addition to the articles mentioned in the indictment some men's underwear and a lot of pocket knives were also stolen. The men's clothing was found by the officers secreted in a hollow log, upon information given to the officers by Harper. Harper was arrested about a week after the burglary was committed, and about that time appellant Oliver left Tinsman and went to De Queen, Arkansas, where later he was arrested by the sheriff of that county and turned over to the sheriff of Calhoun County.

The State undertook to corroborate Harper, the accomplice, in several particulars. One way in which corroboration was sought was to prove that appellant had in his possession a number of pocket knives shortly after the burglary was committed. The deputy sheriff who went to De Queen after appellant, when he was in the hands of the sheriff of that county, exhibited to the jury a pocket knife which he stated was sent to him through the mail by the sheriff of Sevier County. He testified further that while he was at De Queen, the sheriff of Sevier County told him in appellant's presence that he had taken a pocket knife from appellant's person at the time of making his arrest, and would send it to him later through the mail. He also testified that appellant had since asked him whether the sheriff of Sevier County had sent the knife.

All of this testimony was admitted in evidence over appellant's objection, and the ruling of the court in admitting it is assigned as error. We are of the opinion that the court erred in admitting this testimony, and that the error was prejudicial. The error consisted of the admission of the knife in evidence before the jury, as it was not identified by any witness as the one which was taken from the person of the defendant when he was arrested. It is true that the officer testified that the sheriff of Sevier County told him in appellant's presence that he had taken a knife from appellant's person, and would send it, but that was not an identification of the knife. The exhibition of this knife to the jury as the one which was taken from appellant's person might have had some weight with the jury as a circumstance corroborating the accomplice, Harper, when he stated that he, together with Earnest and appellant, had stolen a lot of pocket knives from the store of Speer. It does not appear that there was any attempt in any other way to identify this knife as one of those taken when the store was burglarized, but it may have been a new and unused knife so that the jury might have improperly inferred from it that it was a knife that was stolen when the house was burglarized, and that the fact that it was found on appel-

lant's person was a circumstance sufficient to corroborate the testimony of the accomplice. Therefore, we are of the opinion that the introduction of the testimony was not only erroneous, but it was prejudicial and calls for a reversal of the judgment.

It is also insisted that the verdict is not supported by sufficient evidence in the corroboration of the testimony of the accomplice, but we have concluded not to pass upon that question inasmuch as the testimony may be different on another trial of the cause. The State relies upon appellant's possession of several pocket knives shortly after the commission of the burglary, and also the circumstances under which he left Tinsman about the time that Harper was arrested, as circumstances sufficient to corroborate. But, as before stated, the testimony may be to some extent different on the next trial of the case, and we will no undertake to determine whether those circumstances, as they now appear in the record, are sufficient to corroborate the accomplice.

It is also insisted that the court erred in overruling appellant's motion to discharge the veniremen specially summoned as jurors, and also to discharge the sheriff of the county and to designate some other person to summon the jury for the trial of the case. It was alleged in the motion that the sheriff had summoned the special venire, and that he was prejudiced against appellant, and was giving assistance to the prosecution in the effort to procure a conviction in the cause.

The statute provides: "The court may, for sufficient cause, designate some other officer or person than the sheriff to summon jurors, the officer or person designated being first duly sworn in open court to discharge the duty faithfully and impartially." Kirby's Digest, § 2350.

(2) A trial court is clothed with discretion in such matter, and unless an abuse is shown in the exercise of such discretion this court will not disturb the action of the trial court. *Holt* v. *State,* 91 Ark. 576. The allegations of the motion amount only to a statement of the conclusion that the sheriff is prejudiced against appellant, and no proof was offered to substantiate the charge. We

can not say, therefore, that there was any abuse of discretion by the court.

For the error indicated, the judgment is reversed and the cause remanded for a new trial.