KEIRSEY v. STATE.

Opinion delivered December 17, 1917.

1. HOMICIDE—PROVOCATIVE WORDS—REDUCTION OF DEGREE OF HOMICIDE.—Mere words, however abusive or insulting, can not reduce the degree of homicide from murder to manslaughter.

2. HOMICIDE—PROVOCATIVE WORDS—PROOF OF, FOR WHAT PURPOSE.—In a prosecution for homicide, evidence of abusive and insulting words, spoken by deceased to defendant, may be admitted for consideration as mitigation of the crime in assessing the punishment; but where such evidence was excluded, no error was committed where the jury assessed the lowest punishment for the crime of which defendant was convicted.

3. APPEAL AND ERROR—OBVIOUSLY AMBIGUOUS INSTRUCTION.—Appellant should object specifically to an instruction which is obviously ambiguous.

Appeal from Yell Circuit Court, Danville District; *A. B. Priddy,* Judge; affirmed.

*John B. Crownover* and *Wilson & Chambers,* for appellant.

1. It was error to refuse a continuance. 103 Ark. 352; 102 *Id.* 513; 100 *Id.* 132, 301; 99 *Id.* 395; *Ib.* 547; 71 *Id.* 180.

2. It was error to permit witnesses to testify as to the remarks made by deceased as to defendants' family, which were communicated to defendant. This evidence was competent to show passion and provocation. 5 S. W. 231; 10 *Id.* 387; 10 Am. St. 289; 12 S. W. 870; 75 *Id.* 790; 51 *Id.* 912; 63 *Id.* 643; 28 Tex. App. 216.

3. The argument of the prosecuting attorney was improper and prejudicial. 74 Ark. 256; *Ib.* 489; 88 *Id.* 62; 96 *Id.* 547; 72 *Id.* 138.

4. There was error in the instruction as to threats. The instruction was properly objected to. 65 Ark. 525. See also 29 *Id.* 248; 28 Pac. 28; 76 Mo. 361; 17 Tex. App. 50; 34 N. E. 730.

5. The physical facts show a clean case of self-defense. The danger was urgent and pressing and the killing was necessary. 59 Ark. 132; 109 *Id.* 510; 85 *Id.* 48; 80 *Id.* 87; 91 *Id.* 570, and others cited. The errors of the court were prejudicial and the verdict is against the evidence.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The continuance was properly refused. No abuse of discretion was shown and Cagle's testimony was cumulative merely. 130 Ark. 245; 75 Ark. 350; 79 *Id.* 594; 100 *Id.* 149, etc.

2. The testimony as to threats was properly excluded. 126 Ark. 300; 121 *Id.* 269. Proper objections were not made, nor exceptions saved. 95 Ark. 65; 130 Ark. 365.

3. The improper remarks are not set out in the bill of exceptions. 126 Ark. 300.

4. The rulings of the trial court are presumed to be correct. 96 Ark. 627; 84 *Id.* 342. No errors nor prejudice are shown. 130 Ark. 365.

McCULLOCH, C. J. Appellant was indicted for the crime of murder, and on the trial of the case he was convicted of murder in the second degree and his punishment was assessed at confinement in the penitentiary for a term of five years. The killing was admitted, but appellant attempted to justify it by showing that he acted in necessary self-defense. The killing occurred out in a field where deceased was at work and there were no eyewitness except the parties to the killing and appellant's son, who is a mere lad. Appellant testified that

he fired the shot at Poplin just as the latter was in the act of throwing a hammer at him, and in this statement he was corroborated by the testimony of the boy. Circumstances proved by the State tended to show that appellant was not in danger of bodily harm at the time of the killing and that the homicide was not justified. The State also introduced proof to the effect that appellant had stated to parties shortly before the killing that he was going to kill Poplin.

The trouble arose between the two men over a report that Poplin had made remarks derogatory to the character of appellant's daughter which appellant resented. One of the State's witnesses testified that appellant said on the morning of the killing that ''Poplin is going to chew the rag this morning, or I am going to kill him.'' The witness stated that when appellant made the remark he appeared to be angry and had his right hand under the bib of his overalls. Mrs. Poplin, wife of deceased, testified that appellant passed her house going towards the field where her husband was at work and that in about five minutes after he passed she heard a shot fired in that direction, and immediately after the shot heard the appellant in a loud voice exclaim ''God damn your heart.'' Only one shot was fired, which proved fatal, and appellant at once left the scene and went to his house and rode away to find an officer to surrender himself.

The first assignment of error argued in the brief is that the court erred in refusing to grant a continuance of the cause to enable appellant to procure the testimony of three absent witnesses, Jones, Arnold and Cagle. It was stated in the motion that the witnesses, if present, would testify that on the Sunday before the killing, which occurred on Monday, deceased, in the presence of the witnesses, made threats to kill appellant and that on Sunday night Cagle, one of the witnesses, communicated those threats to appellant. The motion for continuance was filed on the day that the case was called for trial,

August 31, 1917. The court refused to continue the cause
for the term, but postponed the trial until September 4,
at which time two of the witnesses, Jones and Arnold
were present, and the court overruled the motion and or-
dered that the trial proceed. Appellant proved by sev-
eral witnesses that the alleged threats were made by de-
ceased on Sunday, and one of the witnesses testified that
he was present Sunday night and heard Cagle, the absent
witness, communicate the threats of deceased to appel-
lant. The testimony of Cagle would have been cumula-
tive, and we can not say that the court abused its discre-
tion in refusing to further postpone the trial in order
to procure the attendance of that witness.

(1-2) It is next contended that the court erred in
refusing to admit testimony to the effect that the
night before the killing deceased made statements to
other parties reflecting upon the chastity of appellant's
fifteen-year-old daughter, and that these remarks were
communicated to appellant. It appears from the testi-
mony that similar remarks said to have been previously
made by deceased were communicated to appellant and
that the deceased and appellant met and talked about it
before the last remarks were said to have been made.
Appellant testified that he heard of the remarks of de-
ceased and approached him on the subject about three
weeks prior to the killing, and that they talked about it,
and that when he rode up where deceased was working in
his field he introduced the subject again by stating to de-
ceased that Cagle had said that he (Cagle) had not said
what deceased had told that he had said. A quarrel then
ensued between the men as to what Cagle had said, and,
according to the testimony of appellant, deceased at-
tempted to throw a hammer at him, and he fired the fatal
shot. It is contended that the testimony concerning the
statements of deceased about appellant's daughter was
competent to show provocation sufficient to reduce the
degree of the crime from murder to manslaughter. It is
the doctrine of this court, and well settled by the weight

of authority, that mere words, however abusive or insulting, can not reduce the degree of homicide from murder to manslaughter. *Vance* v. *State,* 70 Ark. 272; *Petty* v. *State,* 76 Ark. 515; *Clardy* v. *State,* 96 Ark. 52. They may be admitted for consideration as mitigation of the crime in assessing the punishment (*Petty* v. *State, supra*), but there was no prejudice in refusing to permit the testimony to be considered for that purpose, inasmuch as the jury assessed the lowest punishment for the crime of which appellant was convicted.

(3) The assignment of error with reference to improper argument of the prosecuting attorney is not supported by the record in the case, which fails to set out the argument or to show any exception. Counsel argue that one of the instructions given by the court was erroneous in telling the jury, in substance, that the communication to appellant of threats said to have been made by the deceased could not be considered unless it was found from the evidence that deceased had in fact made the threats. The language of the instruction as it appears in the record is very ambiguous, and it is evident that a mistake has been made in copying that part of the instructions of the court. It is not clear from the language used that the court meant to convey to the jury the idea that they could not consider the communication of threats unless the threats were in fact made as related by the witnesses, and we think the condition of the record is such that a specific objection ought to have been made to this instruction, so that the court could clear up the ambiguity in the language used, if indeed the record correctly discloses what the court said. There is a manifest omission in the instruction which might be explained if the instruction had been properly copied into the record.

Judgment affirmed.