LINDSEY v. STATE.

Opinion delivered December 24, 1921.

CRIMINAL LAW—INSTRUCTION—GENERAL OBJECTION.—A general objection is insufficient to call attention to ambiguous language in an instruction.

Appeal from Lonoke Circuit Court; *George W. Clarke,* Judge; affirmed.

*Trimble & Trimble* and *J. B. Reed,* for appellant.

The court erred in refusing to give instructions Nos. 1 and 2, as asked by defendant. 196 S. W. 922; 203 S. W. 703.

*J. S. Utley,* Attorney General; *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

Instructions that are obviously ambiguous should be specifically objected to. 131 Ark. 487; 92 Ark. 238.

The verdict of the jury will not be set aside by a misleading instruction, when that instruction is made by other instructions given. 59 Ark. 422; 58 Ark. 353.

It is contrary to the law to aid and assist in the purchase or securing of intoxicating liquor. Crawford & Moses' Digest, § 6163. See, also, 114 Ark. 391; 124 Ark. 20.

It was not error to refuse a requested instruction where the law was covered by other instructions given. 129 Ark. 75; 130 Ark. 204; 134 Ark. 197; 137 Ark. 111.

WOOD, J. The appellant was indicted in the Lonoke Circuit Court under separate counts for selling intoxicating liquor and also for procuring for another intoxicating liquor. By agreement of counsel for the State and the defendant the indictments were consolidated for trial. The jury returned the following verdict: "We, the jury, find the defendant guilty of selling whiskey as charged in the indictment and fix his punishment at one year at hard labor in the Arkansas penitentiary. We, the jury, find the defendant not guilty of procuring liquor."

The appellant does not contend here that the evidence was not sufficient to sustain the verdict, his only contention being that the court erred in giving the instructions on its own motion and in refusing his prayers for instructions. The court, among others, instructed the jury as follows:

"1. If you find from the evidence in this case beyond a reasonable doubt that this defendant was present aiding and abetting, encouraging or assisting

any person in the sale of this liquor, that would con-
stitute a violation of the law, and that would constitute
an unlawful sale, and you will find him guilty, and the
punishment as prescribed for the unlawful sale of
liquor is one year in the penitentiary, no more and no
less. If he only participated in the sale to the extent
of assisting the buyer and not the seller, then he would
be guilty of procuring liquor for another, and the low-
est fine is $100 and the maximum fine is $500 on
this charge. If he neither assisted, aided or abetted
in these sales as the agent either of the buyer or seller,
he would not be guilty of a violation of either provision
of the statute. If he accepted money from the buyer
alone and went to the seller and delivered to the seller
the money and delivered to the buyer the whiskey and
in doing that he was only assisting the buyer and not
the seller, he would be guilty of procuring liquor for
another, and the penalty would be not less than $100
and not more than $500. It is not necessary, in order
for him to be guilty under the law of a sale of intoxicat-
ing liquors, that he was to receive no direct pecuniary
profit out of it, if his efforts were directed for the
purpose and intention of aiding one in *purchasing*
the liquor, if he had no interest in it himself, then
that would constitute a violation of the law prohibiting
the sale of liquor, and you will find him guilty and fix
his punishment at one year in the penitentiary.''

The appellant saved only a general objection to the
above instruction. He now urges that the effect of the
last sentence of the instruction above set out was to tell
the jury that if a person aided a purchaser of liquor, even
though he received no direct pecuniary profit and had no
interest in it himself, they should find him guilty. But,
when the instruction is read as a whole, it is obvious that
the last sentence is not susceptible of the meaning which
the appellant seeks to give it. The court, in this sentence,
was dealing solely with the sale of intoxicating liquor, and
the offense that would be committed by one who aided the

seller. It was the obvious intention of the court to tell the jury that one who directed his efforts to aiding the seller would be guilty of selling intoxicating liquor, even though he himself was to receive no direct pecuniary profit from the sale. This was the law, and the first and concluding portions of the sentence show clearly that it was the intention of the court to so tell the jury. Therefore, the word ''purchasing'' where it appears in the sentence was clearly a *lapsus pennae*—a clerical misprison. The context shows that the word intended was ''selling'' instead of ''purchasing.'' It is necessary to substitute this word in order to give any meaning to the first and concluding portions of the sentence. With the use of the word ''purchasing'' retained therein, the sentence does not, as the appellant contends, instruct the jury that the one who aided the purchaser would be guilty. On the contrary, it does tell the jury that one who aided the purchaser would be guilty of violating the law prohibiting the sale of intoxicating liquors.

The phraseology of the instruction, because of the use of the word ''purchasing'' when ''selling'' was intended, renders the sentence on its face ambiguous. It therefore devolved upon the appellant to call the attention of the court to the ambiguous phraseology by a specific objection. In other parts of the above instruction, and also in a separate instruction, the court told the jury that if it found that the defendant procured liquor for another and was acting solely as the agent of the buyer and not of the seller, and was intending to aid the buyer and render no assistance to the seller, then he would be guilty of procuring only. When the instruction itself is read as a whole and in connection with other instructions, it is clear that the court intended to use the word ''selling'' in the above paragraph where it used the word ''purchasing.'' In the absence of a specific objection, it must be held that there was no prejudicial error. *Keirsey* v. *State,* 131 Ark. 487; *Derrick* v. *State,* 97 Ark. 237.

The appellant objects to the refusal of the court to grant its prayers for instructions Nos. 1 and 2. These prayers were correct, but we find that they were fully covered by instructions which the court had already given. It was not error therefore to refuse these prayers.

The record presents no error. Let the judgment be affirmed.