ROBERTS *v.* STATE.

Opinion delivered November 5, 1928.

*W. S. Atkins* and *Shaver, Shaver & Williams,* for appellant.

*H. W. Applegate,* Attorney General, and *Effie Combs,* Assistant, for appellee.

HART, C. J. Dan Roberts prosecutes this appeal to reverse a judgment of conviction against him for the crime of burglary and of grand larceny.

The first assignment of error is that the evidence is not legally sufficient to warrant the verdict.

The record shows that on Friday night, December 16, 1927, the mercantile establishment of the Dover Mercantile Company, at Hatfield, Polk County, Arkansas, was broken into and merchandise of the invoice price of something over $600 was taken from it. Mark Dover was the manager of the store, and the burglary was reported to him about four o'clock in the morning. Dover immediately went to the store, and ascertained that nineteen suits of clothing and nine overcoats, which were on hangers in the store, had been taken therefrom. A small amount of cash was taken from the register, and some Ingersoll watches. One of the Ingersoll watches had a mainspring broken and two dents in the case. The clothing was worth about $600. About 300 yards from the store, Dover and others found where an automobile with two Fisk casings on it had been backed up to the side of the road. There was frost on the ground, and the print of the tires was fairly·plain. The casings were 29 by 45. A short distance away, on the side of the road, from where the car had been backed up, Dover found nineteen of the coat hangers which had‚been taken from the store. He also found a bottle with four figures on it, which smelled like it had had whiskey in it. He carried the bottle and hangers back to the store, and then started to follow the tracks of the automobile. He first went to DeQueen, and then to Lockesburg and to Nashville. He returned home from Nashville that same day, and received a telephone call from the town of Ben Lomond, in Sevier County, that

they had the parties who had broken into his store. He went to Ben Lomond the next morning, and found nineteen suits and nine overcoats in the possession of the constable, which he identified as the clothing which had been taken from his store. He identified them by the manufacturer's mark and by the store mark. From there, in company with the sheriff, he went to Fulton, in Hempstead County, and then on to Hope. When they got to Hope they found out that the parties who were suspected of burglarizing his store were in jail at Washington. They then went to Washington, and the sheriff took possession of Dan Roberts, D. L. Griffin and Roy Edwards, who were charged with burglary and larceny. Warrants had been issued for all three of these persons. The jailer delivered to Dover an Ingersoll watch, which the latter identified by means of two dents and a broken spring, as being a watch which had been taken from his store on the night of the burglary. There was also turned over to him a bottle containing whiskey which was of the same kind and appearance as the one found by him with the coathangers near the store.

Other evidence for the State tends to show that, on the morning after the robbery, Dan Roberts and two other persons riding in a Chrysler No. 50 sedan car were going towards the river near Ben Lomond. The constable of that township was flagging cars, because the bridge across the river was burned, and travelers would have to make a detour to Fulton and cross the river there. He recognized Dan Roberts as one of the men in a car which failed to stop when flagged. The car, instead of stopping, went on to the river. It came back, and went on down the road towards Fulton. The car then went off the side of the road, and was ditched. A farmer living near the place where the car was wrecked was employed by the defendant to help pull the car out of the ditch. The car then proceeded on its way towards Fulton. The constable was informed of the wreck, and thinking that the car might have contained

whiskey, went down to the scene of the accident to investigate. He found tracks leading from where the car had been wrecked across a field into the timber. He followed the tracks, and found the clothing which was later identified by Mark Dover as being the clothing which had been taken from his store on the night before it was found. The constable and mayor of Fulton then followed the car tracks to the river, and found a car with the defendant and two other persons in it, waiting to be carried across the river. The defendant was on the back seat, and pretended to be asleep. After the defendant and his companions were arrested they were searched, and two watches were taken from the person of the defendant. One of them was an Ingersoll watch, and the other was one of more value. A bottle of whiskey was also taken from a handbag of the defendant, which had four figures on the bottom of it. The defendant and his companions were first carried to Hope, and then to Washington, where they were confined in the jail until the arrival of Mark Dover and the sheriff of Polk County, when they were turned over to said sheriff. The defendant and his companions were riding in a car which had two tires which made tracks that were like the tire tracks found by Dover not far from his store, the morning after the burglary. The clothing was found the morning after the burglary, and, although there was a heavy frost on the ground where it was found, there was no frost on the clothing.

The testimony was legally sufficient to warrant the jury in returning a verdict of guilty. The coat-hangers were found about 300 yards from the store, near the side of the road. A car with two Fisk casings had been backed up at that place. The defendant and his companions, when arrested, were in a car having two tires of the same description. After they started down the road from Hatfield towards Fulton, their car was wrecked, and the defendant hired a farmer to pull them out of the ditch. The officers who went to the place where the car was turned over, found tracks leading

from there to the woods near by, and there found hidden the clothing identified later by Dover as that taken from his store on the night previous to which it was found. There was no frost on the clothing, but there was a heavy frost on the ground where it lay. The jury might have inferred from this that the clothing had been carried from the car when it was wrecked, and hidden in the woods. It might have inferred that the defendant was guilty, because he was in possession of the car and therefore in possession of the clothing. It would not make any difference that two other persons were also present aiding and abetting him. He would be equally guilty as if he had acted by himself in the matter. Later on, on the same morning, the defendant and his two companions were arrested, and an Ingersoll watch was taken from the person of the defendant. The accused parties were then confined in the jail at Washington, and were later turned over to the sheriff of Polk County as persons charged with burglarizing the store of the Dover Mercantile Company at Hatfield, two nights before. At the same time the jailer turned over an Ingersoll watch to Dover. The latter identified this watch by some marks on it as one of the watches taken from the store on the night of the burglary. There was some other proof tending to connect the defendant with the burglary and larceny. The undisputed evidence shows that the store was broken into, and about $600 worth of clothing taken from it. The fact that the clothing was found on the same morning in the woods, and that there were tracks leading to the place of hiding from the place where a car in the possession of the defendant had been ditched, tended to show that he was connected with the burglary and larceny. The jury might have inferred that he was in possession of the stolen goods, and, from the other attendant circumstances, might have found that he was one of the parties who had burglarized the store and had taken the clothing and other articles of merchandise from it. Hence

we hold that the evidence was legally sufficient to warrant the verdict.

The next assignment of error is that the judgment should be reversed because the court allowed Mark Dover to testify that the Ingersoll watch which was delivered to him by the jailer in Washington was one of the watches which was taken from the store when it was burglarized. It was insisted that the evidence is improper, because there was no testimony to show that the Ingersoll watch which the jailer delivered to Dover was the watch taken from the person of the defendant. Reliance is placed by counsel on the case of *Oliver* v. *State,* 120 Ark. 188, 179 S. W. 366. In that case it was held that, in a criminal charge for burglary, it was error to admit in evidence a knife alleged to have been stolen by the defendant, when it was not identified by any witness. In that case, however, the knife in question was not identified as one of those taken from the store when it was burglarized. The court said that it might have been a new and unused knife, and that the jury might have improperly inferred from that that it was a knife stolen when the store was burglarized. Mark Dover positively identified the watch which was delivered to him by the jailer at Washington as one of the watches which had been taken from his store when it was burglarized. He knew the watch by some marks on the outside of the case and from a broken spring. The defendant was traced in a car all the way from the scene of the burglary. The clothes which had been taken from the store were found near were the car had been wrecked, and this tended to show that they were in the defendant's possession. The defendant then proceeded from the place where his car had been wrecked to Fulton, and was arrested there. An Ingersoll watch was found on him there. He was lodged in the jail at Washington soon after his arrest. It is true that the watch which the jailer delivered to Dover, when he and the sheriff of Polk County came to carry the defendant and his companions back to said county, was not identified by

the jailer as the one taken from the person of the defendant when arrested; but, when Dover identified it positively as a watch which had been taken from his store on the night of the burglary, this, considered in connection with the fact that the defendant was traced from the scene of the burglary until he was delivered to the jailer at Washington, and that an Ingersoll watch was taken from him when he was arrested, warranted the jury in finding that the watch which the jailer delivered to Dover was the one which had been taken from the person of the defendant when he was arrested.

The next assignment of error is that it was not proper for the court to have given instruction No. 8, which reads as follows:

"You are instructed that the possession of property recently stolen, without reasonable explanation of that possession, is evidence which goes to you for your consideration under all the circumstances in the case, to be weighed as tending to show the guilt of the one in whose hands such property is found, but such evidence alone does not imperatively impose upon you the duty of convicting, even though it be not rebutted."

It is contended that this instruction was erroneous because there was no evidence in the case tending to show that the watch which the jailer delivered to Mark Dover and which was identified by Dover as being one of the watches taken from his store on the night of the burglary, was the watch which was taken from the person of the defendant. We have already stated the circumstances which tend to show that the jury might have legally inferred that the watch was the same one and that it was a part of the stolen property in the possession of the defendant.

The fact that the clothes were so recently hidden tended to show that they had been taken from the car of the defendant and that he was still in possession of them. Having hidden the merchandise, the jury might have found that it was still in his possession. There was nothing in its appearance to indicate that he had

intended to throw it away. It was piled up and hidden, and this indicated that the defendant was still in possession of them. Besides this, the defendant asked for a similar instruction, and the court gave it.

The defendant did not make any specific objection to instruction No. 8, and we can only pass on general objections. *Keirsey* v. *State*, 131 Ark. 487, 199 S. W. 532.

The next assignment of error is that the court erred in not excluding the testimony regarding the bottles of whiskey. We do not agree with counsel in this contention. A bottle of whiskey was taken from a grip belonging to the defendant when he was arrested, and a similar bottle of whiskey was found with the coat-hangers near the store, soon after the burglary was discovered. This testimony was competent to be considered by the jury for what it was worth in identifying the man who had deposited the coat-hangers by the side of the road, and thus indicating that he was one of the parties who had broken into the store and taken the clothing from it.

We find no reversible error in the record, and the judgment will be affirmed.