## WALD *v.* STATE.

Opinion delivered May 4, 1931.

*Cochran & Arnett,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

HART, C. J.   Ben Wald prosecutes this appeal to reverse a judgment of conviction against him for manufacturing ardent, vinous, spirituous and fermented liquors.

Wayne Cook, city marshal of Paris, Logan County, Arkansas, and Tobe Riley were witnesses for the State. According to their testimony, they went with the sheriff of Logan County to the house of Ben Wald in the Northern District of Logan County and made a search for intoxicating liquor.   They found one bottle of home brew, about two gallons of some kind of fruit juice fermenting in a five-gallon crock, which smelled like intoxicating liquor.   They also found a keg hidden in the grass which smelled as if intoxicating liquor had been in it.   The sheriff took the fruit jar full of fruit juice, and a bottle capper, and carried them home with him.   Before the day of trial, the sheriff had died; and the town marshal went to his house and brought a fruit jar full of some kind of liquor which was exhibited to the jury.   Both of the witnesses testified that the fruit jar looked like the one the sheriff brought back at the time he made the raid on the defendant's house.   They testified that it smelled like intoxicating liquor.

It is earnestly insisted by counsel for the defendant that the court erred in allowing the jar of liquor to be exhibited to the jury because it had not been properly identified as the jar of liquor or fruit juice which had been taken by the sheriff from the defendant's house, and in this contention we think counsel is correct. In prosecutions for violations of the liquor laws, liquors which are found on the premises of the defendant are admissible in evidence, if properly identified as having been in the possession of the accused. 16 C. J., par. 1229, page 620. Before the evidence is admissible, the container with the liquor in it must be identified and traced to the defendant. If the identification of the fruit jar with the liquor in it had been complete, as being the one captured in the raid on the defendant's house, then the action of the court in allowing it to be exhibited to the jury would be correct.

In *Oliver* v. *State,* 120 Ark. 188, 179 S. W. 366, it was held that in a criminal prosecution for burglary, it was error to admit in evidence a knife alleged to have been taken from the defendant when it was not identified by any witness as being the one taken from the person of the defendant when he was arrested. In that case a deputy sheriff of the county in which the defendant was tried testified that, when he went into another county where the defendant had been arrested, the sheriff of that county told him in the defendant's presence that he had taken a pocket knife from the defendant's person at the time of making his arrest and would send it to him later through the mail. He testified that the defendant had since asked him whether the sheriff had sent the knife. The deputy sheriff was then permitted to exhibit to the jury a pocket knife which he testified was sent to him by mail from the sheriff of the county in which the defendant had been arrested. This court said that the trial court erred in admitting the testimony, and that the error was prejudicial. It was said that error was committed by the admission of the knife in evidence before the jury since it was not identified by any witness as being the knife

which was taken from the person of the defendant when he was arrested. It was elsewhere stated in the opinion that the fact that the sheriff had told the witness in the defendant's presence that he had taken a knife from his person and would send it to him was not an identification of the knife as the one taken from the person of the defendant when he was arrested.

The same rule was recognized by the court in *Whaley* v. *Vannatta*, 77 Ark. 238, 91 S. W. 191, 7 Ann. Cas. 228. In that case, in an action to recover the price of hay sold, where the defendant claimed that the hay was of a grade inferior to that required by the contract, it was held not to be erroneous to refuse to permit him to exhibit to the jury two bales of hay, in the absence of evidence identifying such bales as the bales of hay purchased by him from the plaintiff.

In both the cases cited, the evidence tending to identify the article which was offered in evidence was as strong if not stronger than the evidence of identification introduced in the present case. Because the identification of the fruit jar containing liquor was not sufficient to show that it was the jar of liquor taken from the defendant's house, the court erred in allowing it to be submitted to the jury as evidence in this case. The evidence was necessarily prejudicial to the defendant because the jury might have found from the appearance and smell of the liquor that it was intoxicating liquor. Hence the jury, from the appearance and smell of the liquor, in connection with the other evidence, might have found the defendant guilty, when in truth and in fact the liquor in the fruit jar which was exhibited to the jury was not identified as the jar of liquor which had been taken by the sheriff from the defendant's house. The mere fact that the town marshal went to the sheriff's house and got a fruit jar of liquor was not sufficient to identify it as being the one taken from the defendant's house. It is a matter of common knowledge that all fruit jars look alike; and in the absence of evidence identifying the fruit jar and the liquor in it as being that taken from the defendant's

house, it must be held that the court committed reversible error in allowing it to be introduced in evidence. For this error, the judgment must be reversed; and the cause will be remanded for a new trial.